(17 App. Div. 515.)

### HEERDEGEN v. LORECK.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

REFERENCE—SUBSTITUTION OF REFEREE—EFFECT AS TO TESTIMONY TAKEN.

It is erroneous to provide, in an order substituting a new referee in place of one who had become disqualified, that the testimony taken before the former referee should stand.

Appeal from special term, New York county.

Action by John Heerdegen against Rudolph Loreck as executor of the will of Alexander E. Schnee, deceased. From so much of an

order of reference as provides that on a second reference the testimony taken before the former referee should stand, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Louis O. Van Doren, for appellant.
William R. Bronk, for respondent.

PER CURIAM. It was not within the power of the court, in appointing a new referee to hear and determine the cause, to annex any condition that would compel that referee to decide the issues upon testimony taken before, or rulings made by, another referee. The reference was a compulsory one, and upon the orignal referee becoming disqualified to act, by reason of his election to the supreme court bench, all proceedings upon the trial before him necessarily ended. The substitution of another referee was required, the case in its nature being such as demanded that method of trial. The case stood precisely as if no trial had ever been had. The defendant was entitled to have the judicial officer who was to pass upon his rights hear the testimony of the witnesses and form his determination upon the issues therefrom. The defendant is not to be compelled to have those rights passed upon in segments or divisions; rulings as to one branch of the case made by one judge, and as to another branch by a different judge. There can be but one trial, before one judicial officer, and it is a trial of the whole case. Upon a new trial being granted on appeal for error, a condition that testimony taken upon a former trial be received as evidence cannot be enforced. Bruce v. Davenport, 1 Abb. Dec. 235. The case differs essentially from Countryman v. Norton, 21 Hun, 17, in which there was but a temporary disqualification of the referee, by reason of his becoming a judge of the supreme court. After his retirement from office, he merely took the case again at the point at which he left it. It was the same referee. Nor is the case in any way similar to Roberts v. White, 73 N. Y. 375. That was merely a proceeding to assess damages on an injunction. The court held that it was within the power of the court, on a second proceeding, to allow the evidence given on a first hearing to be adopted. There was no trial of issues, and it was a matter which might have been heard upon ex parte affidavits, and the strict procedure of trial was not required. In the case at bar the defendant was entitled to a trial according to the strict procedure of a trial, and by one judge, and not by two acting upon different branches of the case. That hardship may result to the plaintiff by reason of the substitution of a referee is true, but this court has no power to alter the recognized procedure in the trial of issues. The Code of Civil Procedure provides in what cases testimony previously given in a cause may be used on a subsequent trial, and the court cannot legislate upon that subject.

That part of the order appealed from was erroneously made, and must be reversed, and the provision stricken from the order, so that

such order will stand as one substituting a new referee named in the order in the place of the former referee, with $10 costs and disbursements.