53 So.2d 704 (1951)
VAUGHN
v.
MANDIS et al.
Supreme Court of Florida, Special Division A.
July 27, 1951.
*705 R.M. Clements and Otis Whitehurst, Sebring, and Cyrus Q. Stewart, Fort Myers, for appellant.
J. Lewis Hall, Tallahassee, and W.W. Whitehurst, Wauchula, for appellees.
CHAPMAN, Justice.
The controlling question presented on this appeal is whether the real and personal property described in the pleadings is subject to levy and sale under a writ of execution based on a final judgment in the sum of $4,000.00, and interest, entered in the Circuit Court of Highlands County, Florida, during the year 1938 against Demos Mandis, which judgment was assigned to and is now owned by the appellant, A.P. Vaughn.
The real estate, as shown by the record, was obtained from different sources and each deed or conveyance was made to Demos Mandis and wife, Margaret W. Mandis, except in one or two conveyances when the only named grantee was Margaret W. Mandis. Demos Mandis and wife, Margaret W. Mandis, in 1940 conveyed the described real estate to the Mandis Stock Farm, Inc., a Florida corporation in which Margaret W. Mandis had forty-nine shares, Demos Mandis one share and John S. Francis was given ten shares of preferred stock.
The Mandis Stock Farm, Inc., after organization, engaged in the dairy business  when personal property was accumulated, along with debts and other obligations. On December 28, 1943, the Circuit Court of Hardee County appointed trustees for the Mandis Stock Farm, Inc., and the corporation was dissolved. At the time of the dissolution Margaret W. Mandis and Demos Mandis owned 353 shares and Phillip Boardman was the owner of one share. The court order directed the trustees to pay to the creditors of the Mandis Stock Farm, Inc., the amount of the net profits arising from the operation of the dairy.
The Circuit Court of Hardee County, on November 17, 1943, entered another order involving the creditors and stockholders of the Mandis Stock Farm, Inc., and the decree recited that Margaret W. Mandis and husband, Demos Mandis, owned 353 shares of stock in the corporation and Phillip Boardman owned one. The real and personal property of the Mandis Stock Farm, Inc., pursuant to a court order, was transferred or conveyed by the court appointed trustees. This order recited the proportionate interests of the stockholders in the Mandis Stock Farm, Inc., as follows:

 Demos Mandis was declared the owner of 49.77%
 Margaret W. Mandis " " " " 49.77%
 Phillip Boardman " " " " .46%

In an order dated February 12, 1951, the lower Court held that the real and personal property conveyed by the trustees of the Mandis Stock Farm, Inc., pursuant to a court order, into Demos Mandis and Margaret W. Mandis was held as an estate by the entireties and was not subject to a levy under the writ of execution based on a judgment rendered in 1938 against Demos Mandis.
Thus it appears that most of the described real estate was held as an estate by the entireties when the appellees conveyed the same into their corporation known as the Mandis Stock Farm, Inc. The corporation, as shown by the record, had financial troubles, when the Court appointed trustees for it. The real property of the corporation *706 was conveyed pursuant to a Court order and the respective interests of the appellees in the corporation and clearly defined, as above set out. It is under this provision of the record that the appellant asserts that the lien of his judgment attached. This contention must be considered in light of all the documentary evidence considered by the Court when the decree below was entered. The Chancellor concluded that our holding in Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376, and similar adjudications, were controlling and the evidence considered as a whole sustained the conclusion. It has not been made clearly to appear that the lower Court erred in entering the decree appealed from.
Affirmed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.