139 So.2d 459 (1962)
J. Marquette PHILLIPS, Appellant,
v.
Edna K. BLUM, Formerly Known As Edna K. Levine, and Taco Bay Company (a Dissolved Florida Corporation), Appellees.
No. 61-501.
District Court of Appeal of Florida. Third District.
April 3, 1962.
*460 George A. Buchmann, Jr., Miami, for appellant.
Walsh, Simmonite, Budd & Walsh, Walters, Moore & Costanzo and Richard R. Booth, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellant seeks review of an adverse final decree awarding the individual appellee a money decree and taxing the costs of a receivership against him.
The record on appeal fails to include the entire testimony adduced before the chancellor in extensive hearings and, therefore, all findings of fact must be affirmed. If an appellant desires review of findings of fact, it is incumbent upon him to bring to the appellate forum the entire record which was before the chancellor. Green v. Hoiriis, Fla.App. 1958, 103 So.2d 226; F.A.R. 3.6(b), (d) (1), 31 F.S.A.
The costs of the receivership should not have been taxed against the appellant. He was not responsible for the activity which resulted in the appointment of the receiver. In fact, the appointment was made upon an unverified complaint and motion, without notice to the appellant, a practice which we do not here approve. The appellant not being responsible for the activities resulting in the appointment of the receiver, it was an error for the chancellor to tax the costs of the receivership against him.
The appellant has raised other questions pertaining to the failure of the chancellor to transfer the cause to law, in order that he might have had a jury trial. The record does not reveal that the appellant, in fact, timely raised these objections. Although it appears that even if the requested transfer could be considered as being appropriately made initially, it was subsequently waived by appellant's own actions in joining in the motion for final hearing, in failing to call to the attention of the court that he desired a jury trial prior to the final hearing, and in failing to file a motion to transfer. Kingston v. Quimby, Fla. 1955, 80 So.2d 455.
Therefore, the final decree appealed from is affirmed with directions to eliminate therefrom that portion awarding receiver's costs.
Affirmed with directions.