CARROLL, Judge.
By an amended complaint the appellant sought rescission and cancellation of a note and mortgage which she alleged was not made by her and was a forgery. She appealed from an adverse final decree.
On trial of the cause before the chancellor the defendant moved to dismiss at the close of the plaintiff’s case. The motion was granted and a final decree was entered dismissing the cause with prejudice. The decree contained findings of fact which, summarized were as follows: That the questioned documents were executed by the plaintiff and with plaintiff’s knowledge; that a valid consideration therefor was received by the plaintiff “by and through her duly authorized agent;” that no fraud or deceit or forgery was shown by the evidence; and that the plaintiff received the proceeds of the note and mortgage through her agent. The decree then stated as a conclusion of law that the *605 plaintiff failed to sustain tlie allegations of her complaint as amended and was not entitled to the relief sought.
The evidence which was before the chancellor at the trial and upon which the foregoing findings of fact and conclusions of law were based has not been brought here. Following the trial one of the two witnesses to the mortgage who was in attendance at the trial in response to a subpoena issued by defendant, but whose presence there was not known to plaintiff’s counsel, contacted plaintiff’s counsel and made a written statement that he was the closing officer for the transaction and that the party who appeared before him and was introduced as being Frankie Shumake and who signed the note and mortgage was not the same person as the plaintiff who had appeared and testified in the suit. His description of the other person differed widely from the plaintiff. Based on that later acquired information the plaintiff filed a motion for rehearing, which was denied by the following order:
“This Cause came on upon Plaintiff’s ‘Motion for Rehearing and/or New Trial,’ and the Court having considered the same, including the Affidavit of Philip L. Ruppenthal attached in support of said motion, and after hearing argument of counsel and being advised of the record and the premises herein, it is
“Ordered, Adjudged and Decreed
“That the Plaintiff’s Motion for Rehearing and/or New Trial be and the same is hereby denied.”
Appellant seeks reversal of the decree and the order denying the motion for rehearing as being contrary to the manifest weight of the evidence, relying on the written statement referred to above. We must reject that contention because the chancellor concluded, on considering all the evidence, including the later statement, that there was no reason to disturb the decree which he had entered. The testimony presented at trial and upon which the chancellor acted is not before us. Therefore, this court is not in a position to pass upon the question of whether the decree and the order denying the motion for rehearing were justified on the evidence or were contrary to the manifest weight of the evidence. Nelson v. State, Fla.1956, 85 So.2d 832, 833; Brown v. Householder, Fla.App. 1961, 134 So.2d 801, 803; Phillips v. Blum, Fla.App. 1962, 139 So.2d 459, 460.
Affirmed.