347 So.2d 437 (1977)
Beverly A. CLAUGHTON, Appellant,
v.
Edward N. CLAUGHTON, Jr., Appellee.
No. 76-2271.
District Court of Appeal of Florida, Third District.
May 24, 1977.
Rehearing Denied July 13, 1977.
Paige & Catlin, Miami, for appellant.
Sibley, Giblin, Levenson & Glaser, Miami Beach, for appellee.
Before HAVERFIELD and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant, Beverly Claughton, appeals an order sustaining her husband's exceptions *438 to the findings and recommendations of the special master.
Beverly Claughton was awarded $2,500 per month temporary alimony and child support and approximately one year later both Beverly and her husband, Edward, filed petitions for modification of the temporary alimony. They also requested that the matters raised in their modification petitions be referred to a general master and the chancellor entered an order granting their request. The general master conducted a hearing and filed his report recommending that the chancellor's previous order awarding $2,500 temporary alimony and support remain unchanged with the exception that Edward should, in addition to the alimony and support award, pay Beverly's share of the mortgage payments on the Hound Ears vacation condominium and her investment expenses on the Saga Bay and Crandon Boulevard properties. No record of the proceedings was attached to the report. Edward filed exceptions to the report and after a hearing, the chancellor entered an order sustaining his exceptions to the master's recommendations. We reverse.
The findings of fact and recommendations of a special master should be approved and adopted by the chancellor unless clearly erroneous or it appears that the master has misconceived the legal effect of the evidence. See Hopping v. Lovejoy, 53 So.2d 704 (Fla. 1951); Moncrief v. Hall, 63 So.2d 640 (Fla. 1953); Frank v. Frank, 75 So.2d 282 (Fla. 1954); Hartnett v. Lotauro, 82 So.2d 362 (Fla. 1955); Holland v. Gross, 89 So.2d 255 (Fla. 1956). In the case at bar no record of the proceedings accompanied the general master's report or the filed exceptions. There being no record upon which to determine that the general master was clearly erroneous in his recommendations or that he misconceived the legal effect of the evidence, the chancellor should have affirmed the recommendations.
Accordingly, the order sustaining exceptions is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.