391 So.2d 254 (1980)
Norma N. HEMMINGER, Appellant/Cross-Appellee,
v.
Michael J. HEMMINGER, Appellee/Cross-Appellant.
No. 79-2149.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
Rehearing Denied January 6, 1981.
James A. McCauley, Fort Lauderdale, and James H. Walden, of Walden & Walden, Dania, and S. Robert Zimmerman, Pompano Beach, for appellant/cross-appellee.
C. Lavon Ward, Fort Lauderdale, for appellee/cross-appellant.
BERANEK, Judge.
Ex-wife, Norma N. Hemminger, seeks review of a final order granting ex-husband, Michael J. Hemminger's, petition for modification of a property settlement agreement as it relates to alimony.
The final dissolution decree, entered February 13, 1975, incorporated a property settlement agreement awarding Norma Hemminger $200 per week alimony plus $500 per year, beginning March 15, 1976. The agreement, drafted by Norma's attorney, specifically provided: "%y(3) The husband represents that he is employed by Hemminger, Inc., which is in the general contracting business and enjoys a salary income of approximately *255 $25,000 per annum. The husband further represents that he has no income in addition to his employment by his corporation... ." In April of 1978, and several times thereafter, Norma moved the court to find Michael in contempt for decreasing the alimony and child support payments and failing to pay alimony arrearages. The court referred the motion to a general master. Michael responded to the contempt motion, admitting the decrease and claiming inability to pay due to financial reversals. He included therein a petition for modification of the alimony provision of the property settlement agreement, alleging a substantial change in his financial circumstances and claiming the agreement had been procured through undue influence. Norma moved to strike the "response" as an improper cross-motion to her motion for contempt and further stated that Michael had misrepresented his income in the property settlement agreement. The court struck Michael's response but permitted the pleading to stand as "Husband's supplementary petition to modify the final judgment." The court referred this to another general master.
Regarding enforcement of the final dissolution judgment by contempt, Norma obtained two orders (October 16, 1978, and March 16, 1979), ratifying and adopting the general master's finding that Michael had failed to pay the alimony, although he had the ability to do so. Michael did not appeal either of these orders.
On June 21, 1979, the general master entered his report on modification, finding no sufficient change in Michael's financial circumstances and recommending that the petition be denied. Michael filed exceptions to the report, contending the evidence established his inability to pay and his wife's ability to support herself. On September 6, 1979, the circuit court entered its final order rejecting the master's recommendations and finding as follows:
1... . Although not specified in the General Master's report the question of whether or not the Husband's income at the time of the property settlement agreement was $25,000.00 a year or more than double that is a crucial issue in this case. The Husband's contention that he was, in fact, making substantially in excess of $25,000.00 at the time is amply supported by the evidence.
2. The Husband's income at the time of the hearing before the General Master in March, April and May, 1979, was substantially lower than it was at the time of the property settlement agreement, so that his support obligation to the wife should be reduced.
The court reduced the alimony payments to $100 per week, but continued the yearly $500 payments. Wife petitioned the trial court for rehearing, which it denied. The wife appealed, raising four points. We reverse.
We basically conclude that the trial court erroneously substituted his judgment on factual matters for that of the master on issues which should not have been considered at all.
The husband is in an anomalous position. He signed an agreement stating his income to be $25,000 per year. While the evidence showed that at the time of the "modification proceedings" he was earning $28,000 per year, he claims this was a reduction because the $25,000 figure was wrong and should have really been $75,000. He argues that since he was actually earning $75,000 instead of the stated $25,000, he is entitled to modification.
The husband's inconsistent position is never spelled out in any pleading; therefore, we initially hold the trial court erred in even considering it. The trial court's ruling had the effect of setting aside the entire settlement agreement and prior final judgment without support in the pleadings or the evidence.
The trial court also erred in setting aside the master's factual findings. The June 21, 1979, master's report reached the factual conclusion that Michael had not sustained a financial change in circumstances sufficient to warrant modification. The trial judge should approve the master's factual *256 findings and recommendations unless the master has misconceived the legal effect of the evidence. Fodor v. Fodor, 379 So.2d 466 (Fla. 4th DCA 1980). The trial court should not overturn a master's factual findings unless they are clearly unsupported by the evidence and clearly erroneous. Ciccarelli v. Ciccarelli, 352 So.2d 1204 (Fla. 4th DCA 1977). Here, there was evidence in the record before the master supporting the conclusion that there had been no significant reduction in income. The appellant/wife had moved for contempt for the appellee's failure to pay alimony arrearages several times prior to his petitioning for modification. In fact, appellant had previously obtained two orders of the circuit court ratifying and adopting the general master's finding that the appellee had failed to pay the alimony although he had the ability to do so. The appellee failed to appeal the court's prior contempt orders finding him able to make the payments.
We conclude the trial court erred in setting aside the findings of the master and in granting modification to the husband. We do not consider the various other points raised by the appellant because it is unnecessary to reach them.
The order granting modification is reversed and the matter remanded to the trial court with directions to confirm the master's report and for entry of an appropriate order in accord with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD and HERSEY, JJ., concur.