417 So.2d 1066 (1982)
Nancy Jean FERRIS, Presently Known As Nancy Jean Stevenson, Appellant,
v.
Richard James FERRIS, Appellee.
No. 81-1173.
District Court of Appeal of Florida, Fourth District.
July 28, 1982.
Rehearing Denied September 3, 1982.
*1067 Donald J. Swanson, Fort Lauderdale, for appellant.
Larry Klein, West Palm Beach, for appellee.
DELL, Judge.
The former wife appeals a final order determining the parties' rights in the marital home.
After her remarriage, appellant sought to enforce a buy-out provision of a property settlement agreement incorporated into the final judgment of dissolution.[1] The trial judge referred the matter to a general master pursuant to Rule 1.490, Florida Rules of Civil Procedure. The master held hearings and entered her report, but did not file transcripts of the hearings.[2] Appellant filed an exception to the master's report, which claimed that she was denied a full and fair hearing, but did not file transcripts. The trial court adopted the master's recommendation. Appellant moved for rehearing, rearguing her exception and challenging for the first time the master's determination of credits due each party on sale of the home, and the master's recommendation that appellant pay to appellee her proportionate share of the fair rental value of the property pending sale of the home to others in the event she declined to buy appellee's interest herself. The trial judge denied rehearing. Appellant here challenges the final judgment on the same grounds presented in her motion for rehearing.
We find no merit in appellant's contention that the trial court denied her a full hearing. She did not file a transcript of the proceedings before the general master. Without a basis on which to determine the master erred, the court may not sustain exceptions to the master's report. Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977).
The functions and purposes of a motion for rehearing have been thoroughly discussed in Cole v. Cole, 130 So.2d 126, 130 (Fla. 1st DCA 1961):
The nature of a rehearing is revealed in several opinions of the Supreme Court of Florida in which that court has had occasion to define a rehearing. A rehearing is a second consideration of a cause for the sole purpose of calling to the attention of the court any error, omission, or oversight that may have been committed in the first consideration. [Citation omitted.] A petition for rehearing is a means afforded by rule to present to the court *1068 some point which it overlooked or failed to consider by reason whereof its judgment is erroneous. [Citation omitted.] A prime function of a petition for rehearing is to present to the trial court some point which it overlooked or failed to consider, which renders the decree inequitable and erroneous. [Citation omitted.] A petition for rehearing of a suit in equity is available for correction of error apparent on face of record. [Citation omitted.] The Supreme Court in the last-mentioned case also recognized the rule that a petition for rehearing of a suit in equity is available for the purpose of obtaining the court's permission to introduce newly-discovered evidence.
Appellant presented several points to the trial court in her motion for rehearing. We have carefully studied the petition and concluded that only one point meets the standards set forth in Cole. Appellant demonstrated that the master found second mortgage payments in the amount of $123.00 per month to be alimony, as provided in the property settlement agreement, and awarded appellee credit for mortgage payments made after appellant's remarriage, but failed to credit appellant for payments made before her remarriage. This inconsistent treatment by the master constitutes an error apparent on the face of the record, and the trial court should have granted rehearing.
Accordingly, the judgment of the trial court is reversed and the cause remanded for reconsideration of the parties' entitlement to credit with respect to $123.00 per month alimony payments. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.
NOTES
[1] The property settlement agreement specifically provides for the court to retain jurisdiction to interpret and enforce the agreement, and the trial court did, in fact, retain such jurisdiction. See Covin v. Covin, 403 So.2d 490 (Fla.3d DCA 1981).
[2] Rule 1.490(f) provides in part:

The evidence shall be taken in writing by the master or by some other person under his authority in his presence and shall be filed with his report. (emphasis added.)
Neither party raised this requirement by objection, thus waiving the master's failure to comply with the rule.