418 So.2d 1107 (1982)
Isaac BEN-HAIN, Benjamin Ben-Hain, and Chikos Lindos, Inc., a Florida Corporation, Appellants,
v.
Alberto TACHER, Appellee.
No. 81-1955.
District Court of Appeal of Florida, Third District.
August 10, 1982.
Rehearing Denied September 24, 1982.
Lopez & Harris, Burnett Roth, Miami, for appellants.
*1108 Hersh & Bernstein and Brian Hersh, Miami, for appellee.
Before HUBBART, C.J., and HENDRY and BASKIN, JJ.
HENDRY, Judge.
Appellants Isaac and Benjamin Ben-Hain appeal from a final judgment entered upon a master's report in plaintiff Tacher's suit alleging illegal and fraudulent actions by the Ben-Hains in connection with the defendant corporation in which the parties were stockholders and officers.
At the agreement of the parties and in accordance with Florida Rule of Civil Procedure 1.490, the trial court referred the cause to a general master for resolution. Following a three day hearing during which testimony and evidence were presented, the master submitted findings and recommendations in favor of Tacher and assessed damages against the individual appellants. Appellants excepted to the master's report and moved for rehearing. At the hearing on the motion, appellants presented the court with an excerpt from the transcript of the proceedings before the master. The trial judge, after explaining that the parties had agreed to refer the dispute to the master whose findings were entitled to the same weight as a jury verdict and he would not redecide the entire case since the appellate court would correct any error, did agree to review the excerpted transcript which contained the master's findings and recommendations, to determine whether they were in conformity with the master's submitted order and recommendations. The final judgment entered by the court affirmed the master's recommendations in full. The court thereafter denied appellants' motion for reconsideration on rehearing and this appeal followed.
Appellants' sole contention[1] on appeal is that the trial court's refusal to consider the exceptions raised to the master's report, or to determine the issues of fact or of law constituted an improper delegation of judicial power to the general master.
They argue that the trial court must examine and consider evidence and determine whether entry of the master's recommended decree is justified rather than simply rubber-stamping the master's actions.
Appellants correctly assert that where a cause is referred to a master, unless the parties have stipulated otherwise, the trial court has a duty to examine and consider the evidence for itself and determine whether under the law and facts the findings and recommendations of the master are justified prior to entry of a final judgment in accordance with the master's report. Lyon v. Lyon, 54 So.2d 679 (Fla. 1951); Little v. Little, 325 So.2d 424 (Fla. 3d DCA), cert. denied, 341 So.2d 1083 (Fla. 1976); Bell v. Bell, 307 So.2d 911 (Fla. 3d DCA 1975). It is also well-settled law, however, that a master's report is clothed with a presumption of correctness and should be approved and adopted by the trial court unless clearly erroneous or unless it appears that the master has misconceived the legal effect of the evidence. Hemminger v. Hemminger, 391 So.2d 254 (Fla. 4th DCA 1980), petition for review denied, 399 So.2d 1143 (Fla. 1981); Shaw v. Shaw, 369 So.2d 81 (Fla. 3d DCA 1979); Ciccarelli v. Ciccarelli, 352 So.2d 1204 (Fla. 4th DCA 1977).
It follows that where an appellant challenges the sufficiency of the evidence, he has the burden of bringing before the court a complete record of the previous proceedings and in the absence of a complete record, the court must presume that there was sufficient evidence and testimony presented to support the findings made. Firkel v. Firkel, 391 So.2d 351 (Fla. 5th DCA 1980). Accordingly, where no record exists from which it can be shown that the master's findings are clearly erroneous, or that the master has misconceived the legal effect of the evidence, the trial court is obligated to accept the master's findings. Sitomer v. Sitomer, 397 So.2d 373 (Fla. 4th DCA 1981); Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977).
*1109 Here, appellants' failure to provide the trial court with a complete transcript of the proceedings before the master[2] left the trial court no choice but to accept the master's report. The trial court's access to other portions of the record, without knowledge of the actual evidence and testimony presented to the master, is insufficient to enable the trial court to determine whether the master's findings were justified.
Finding no reversible error in the trial court's entry of judgment on the master's recommendations and denial of exceptions to the report, we affirm the final judgment below.
Affirmed.
NOTES
[1] Appellants have not presented their specific objections to the master's report to this court.
[2] Indeed, although appellants sought extensions of time in which to file their brief in this court on the basis that the transcript was incomplete, it appears that the transcript has yet to be included in the record.