PER CURIAM.
The action below arose out of a dispute between two factions of a local church. Because we perceive an error which arose early in the proceedings as permeating the end result, we do not reach the merits of the ultimate determination in the form of a summary final judgment.
The trial court appointed a special master to conduct an election to determine whether a majority of the members of the local church wished to remain affiliated with the national church body. The order of appointment also specified that “Electors shall be members of CHRIST TEMPLE in good standing as of April 1, 1977, who have not since left the congregation or joined another congregation or church.” A majority of the local congregation had been denied access to the church building and therefore were meeting at another location at the time the conflict erupted into litigation. The special master, presumably because of his understanding of the instruction as to who should be “electors” systematically excluded those members who were no longer attending services in the church building proper. This, of course, frustrated the entire purpose of the election and rendered its result meaningless and therefore invalid.
The report of the special master, infected with egregious error, was accepted and ap *1212 proved by the trial court. We are satisfied that it should have been rejected. See Sitomer v. Sitomer, 397 So.2d 373 (Fla. 4th DCA 1981).
We are not, at this juncture, required to decide whether the local church is of a congregational rather than a republican nature, which determination may dictate the disposition to be made of the real property belonging to the local church. See, e.g., St. John’s Presbytery v. Central Presbyterian Church of St. Petersburg, 102 So.2d 714 (Fla.1958). However, the record discloses that the trial court apparently made a finding, not appealed here, that the church is in the nature of a congregational organization which finding may be binding on the parties in subsequent proceedings.
In view of our finding that the election was flawed, we reverse and remand with instructions to conduct a new election under appropriate guidelines.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HERSEY and WALDEN, JJ., concur.
ANSTEAD, J., specially concurs with opinion.