PER CURIAM.
These are consolidated appeals by the defendants from a final judgment in consolidated actions, inter alia, dissolving marriage, reserving jurisdiction tQ determine property rights, and setting aside certain deeds to Lopez from the Kerrs.
The final judgment states, as follows:
THIS CAUSE came on to be heard upon due notice for final hearing. Those hearings occurred on the dates of June 10, 1981, September 14, 1981, September 15, 1981, December 21, 1981, June 15, 1982, June 16, 1982 and October 26, 1982, with the final closing argument set before the Court on Monday, December 6, 1982 at which time counsel were requested by the Court to submit their proposed Final Judgments.
There is also pending before this division, by Order of Honorable John Gale, Administrative Judge, entered December 16, 1981 the case of FRANCESCA CA-NALES and FREDERICK M. KERR, Plaintiffs vs. DANIEL NEAL HELLER, JILL KERR and BLANCHE LEAR, Defendants, being Case No. 81-15374, hereinafter referred to as Case No. 81-15374. In said Case No. 81-15374 the Court announced that it would first conduct the final hearing in Cases Nos. 76-20437 and 76-26613 before the hearing in Case No. 81-15374.
Cases Nos. 76-20437 and 76-26613 were consolidated for all purposes and were tried together pursuant to the Court’s Order of August 3, 1981. In said Order the Court did reaffirm the striking of the pleadings of FREDRICK M. KERR. The Court did, however, grant FREDRICK M. KERR the permission, without fear of apprehension or arrest to come to, remain for and depart from the State of Florida in order to testify in this cause at the time of trial and FREDRICK M. KERR has so testified. It is undisputed that FREDRICK M. KERR has not, with one minor exception subsequent to their entry, complied with the Orders for temporary relief, alimony and child support, attorney’s fees and Court costs and the Court does continue in effect all of said temporary orders for a final hearing on financial relief in Case *602 No. 76-20437 which is now set at 9:30 o’clock, A.M., Wednesday, the 23rd day of February, 1983.
Upon the entire record made before the Court and based upon the Court’s personal observation of the manner and demeanor of the witnesses, it is thereupon
CONSIDERED, ORDERED AND ADJUDGED that:
1. The Court has and retains in per-sonam jurisdiction of the parties and jurisdiction of the subject matter.
2. In Case No. 76-20437 (the dissolution of marriage action) the Court finds that the bonds of marriage between petitioner, JILL KERR, and respondent, FREDRICK M. KERR are dissolved for that the marriage is irretrievably broken.
3. The petitioner, JILL KERR is a fit and proper person to have the care, custody and control of the minor child of this marriage, KEVIN DAVID KERR, subject to reasonable rights of visitation with FREDRICK M. KERR. The Court, sua sponte, does herein invoke the provisions of Chapter 787 of the Florida Statutes, 1981 and FREDRICK M. KERR is enjoined from leading, taking, enticing or removing KEVIN DAVID KERR beyond the limits of this state or to conceal the location of said child.
4. In Case No. 76-26613, upon the issues framed, the Court finds and holds that JILL KERR, plaintiff has sustained the allegations of her complaint by clear and convincing evidence and that at all times material hereto the defendant, counterclaimant, ROBERT A. LOPEZ had neither a legal nor an equitable interest in and to the following described parcels or in any notes or mortgages encumbering the following described parcels, to-wit:
Parcel “C” of Four Way Lodge, according to the Plat thereof as recorded in the Public Records of Dade County, Florida in Plat Book 31 at Page 55 of the Public Records of Dade County, Florida.
and
Condominium Parcel Number 9B in Yacht Harbor Condominium, according to the Declaration of Condominium thereof recorded June 17, 1975 under Clerk’s file Number 75R-120929 of the Public Records of Dade County, Florida.
and by the entry of this Final Judgment the Court finds and holds that JILL KERR and FREDRICK M. KERR were at all times material hereto the sole and exclusive owners in said properties to the exclusion of the said ROBERT A. LOPEZ and all persons claiming by through or under him with the express EXCEPTION that the conveyance by the said ROBERT A. LOPEZ, et ux., in and to Parcel “C” of Four Way Lodge made on December 29, 1976 to NEHOC CORPORATION, a Florida corporation, was in effect made as Trustee for and on behalf of JILL KERR and FREDRICK M. KERR and the said deed recorded in O.R. Book 9546, at Page 224, of the official records of Dade County, Florida, is not adversely affected by the entry of this Final Judgment.
5. Accordingly, ROBERT A. LOPEZ shall take nothing by his counterclaim and his addition to counterclaim.
6. The deed dated September 1, 1975 from JILL KERR and FREDRICK M. KERR, recorded on June 28, 1976, in O.R. Book 9369, at Page 52, of the official records of Dade County, Florida, to ROBERT A. LOPEZ to said Condominium 9B is declared of no force and effect, and is hereby set aside. Also, that certain apartment lease dated September 1, 1975 signed by JILL KERR and FREDRICK M. KERR to ROBERT A. LOPEZ on the same condominium parcel is declared of no force and effect and the said apartment lease is hereby cancelled.
7. JILL KERR is hereby given the exclusive use, enjoyment and possession of said Condominium parcel pending the further hearing hereinabove set before the Court at which time the Court will determine inter alia whether or not the *603 interest of FREDRICK M. KERR in said subject Condominium shall be conveyed from FREDRICK M. KERR to JILL KERR by way of equitable distribution, special equity, lump sum alimony, etc., and FREDRICK M. KERR and all persons claiming by, through, or under him, are hereby temporarily enjoined and restrained from conveying, assigning, transferring, hypothecating or in any way disposing or encumbering any interest in said Condominium parcel or the contents thereof subject to the further Order of the Court.
8. The Court continues in effect the Lis Pendens on Lot 24 in LAKE R0-YALL EAST, according to the plat thereof, as recorded in Plat Book 86 at Page 5, of the Public Records of Dade County, Florida, being, in part, the subject matter of Case No. 81-15374 as well as the instant actions and the same will be resolved by the Court under this express reservation of jurisdiction.
9. The claims of all defendants in Case No. 76-26613 whether denominated as defendants or counterclaimants, be and the same are hereby denied with prejudice.
10. All previous temporary orders as well as the Court’s temporary injunction entered November 23, 1976, and all modifications thereto and extensions thereof shall remain in full force and effect until the Final Order of the Court.
11. The Court expressly reserves in personam jurisdiction of the parties and jurisdiction of the matter and the properties to enter such other and further Orders as are necessary.
12. Nothing herein contained is intended to preclude plaintiffs application for permanent alimony and child support.
[[Image here]]
Defendant Kerr’s contention on appeal is that the trial court erred in retaining jurisdiction over the parties and subject matter in circuit court case No. 76-20437. The points on appeal raised by defendant Lopez are that a prima facie case of fraud has not been established against him, that the burden of proof to overcome the presumptive validity of deeds has not been met, and that plaintiff Jill Kerr, being a tenant, is es-topped from denying her landlord’s title.
We have considered all these points in the light of the record, briefs and arguments of counsel, and have concluded that no reversible error has been demonstrated. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Cohen v. Mohawk, 137 So.2d 222 (Fla.1962); Phillips v. Blum, 139 So.2d 459 (Fla. 3d DCA 1982). See also Ben-Hain v. Tacher, 418 So.2d 1107 (Fla. 3d DCA 1982). Therefore, the judgment appealed is affirmed.
Affirmed.