PER CURIAM.
We reverse the order appealed for two reasons. First, we agree with appellant that, in the absence of record evidence, the trial court erred in sustaining exceptions to the report of the general master. Without a basis upon which to determine that the master clearly erred in his recommendations or that he misconceived the legal effect of the evidence, the trial court improperly set aside the general master’s report. Ferris v. Ferris, 417 So.2d 1066 (Fla. 4th DCA 1982); Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977).
On remand, we direct the trial court to conduct further proceedings concerning the wife’s right to a judgment on the husband’s support arrearages. The trial court’s determination may be predicated upon either reconsideration of the testimony before the general master or upon the presentation to the trial court of additional testimony.
Second, the trial court erred in modifying the husband’s other support obligations because the issue of modification was not raised by the parties. See Kordak v. Williams, 404 So.2d 1137 (Fla. 4th DCA 1981); Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981).
Reversed and remanded for further proceedings consistent with this opinion.