BARKDULL, Judge.
Subsequent to a final judgment of divorce, each of the parties petitioned the court for various forms of relief. The matter was referred to a general master. After a hearing on the several matters, the general master resigned before rendering a report. He thereafter signed what purported to be a general master report containing findings of fact and recommendations. Following the filing of exceptions, the trial court modified the recommendations of the master without a record before it.[1] An appeal and a cross appeal had been *868 filed to these orders. The action of the former general master in signing and filing what purported to be a report subsequent to his resignation was a nullity. See and compare Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971); Heerdegen v. Loreck, 17 App.Div. 515, 45 N.Y.S. 585 (1897); Anno. 22 A.L.R.3d 922, 939 § 4(a); Anno. 70 A.L.R.3d 1079, 1097 § 11.
Therefore the trial court’s orders here under review are reversed and the cause remanded for further proceedings on the respective parties pending motions.
Reversed and remanded.

. Even if a valid report had been filed, the trial court erred in' setting aside the finding without *868 a transcript before it. Ben-Hain v. Tacher, 418 So.2d 1107 (Fla. 3d DCA 1982); Ferris v. Ferris, 417 So.2d 1066 (Fla. 4th DCA 1982); Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977).