COBB, Judge.
The appellants — Angelo Reali, Joseph Raponi, Albert Mariani and Mario Maria-ni — were the plaintiffs below. As owners of an undivided one-half interest in a parcel of industrial property located north of Orlando, Florida, they sought partition against the co-owner, Mario Velocci. Vel-occi claimed a set-off for betterment on the basis of unused and rejected concrete he had allowed to be dumped on the property over an extended period of time. The Reali group claimed the concrete diminished the value of the property and constituted waste.
By stipulation, the disputed issues were submitted to a special master. After an extensive hearing, the master found substantially in favor of the Reali group, and determined that the layers of concrete on the property constituted “gross waste” rather than an improvement, resulting in damages to the Reali group of $65,000.00 as compensation for the diminished value of their interest in the property.
The court found, contrary to the report of the master, that the waste committed by Velocci did not appreciably depreciate the market value of the property. There was competent, substantial evidence to support the master’s findings; nevertheless, the trial court, without hearing the evidence directly and without reviewing the record of the master’s hearing, rejected the damage finding. This was error. See Ben-Hain v. Tacher, 418 So.2d 1107 (Fla. 3d DCA 1982); Sitomer v. Sitomer, 397 So.2d 373 (Fla. 4th DCA 1982); Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977), approved in part, quashed in part, 393 So.2d 1061 (Fla.1980). A special master’s report comes to a trial court clothed with a presumption of correctness. Mahan v. Mahan, 88 So.2d 545 (Fla.1956); see *1107 also, Harmon v. Harmon, 40 So.2d 209 (Fla.1949).
The finding by the special master that the Reali group suffered $65,000.00 in damages due to waste should have been confirmed as part of a judgment against Vel-occi.
REVERSED AND REMANDED.
GOSHORN and PETERSON, JJ., concur.