597 So.2d 856 (1992)
John PETRAKIS, Appellant,
v.
Evangelina PETRAKIS, Appellee.
No. 91-2700.
District Court of Appeal of Florida, Third District.
March 31, 1992.
Rehearing Denied June 9, 1992.
Richard W. Wasserman, Miami Beach, for appellant.
Earl H. Galitz, Miami, for appellee.
Before BARKDULL, NESBITT and LEVY, JJ.
LEVY, Judge.
John H. Petrakis [the "husband"] appeals the trial court's ratification of a General Master's Report which recommended that the trial court find the husband in willful contempt of a Final Judgment of Dissolution of Marriage for failure to pay alimony.
The former wife had filed a motion for contempt with the trial court alleging noncompliance with the final judgment of dissolution, and the trial court referred the matter to a General Master pursuant to Rule 1.490, Florida Rules of Civil Procedure. The General Master held an evidentiary hearing and entered a report finding that the husband did have the ability to pay alimony, and recommending that the trial court hold the husband in willful contempt for failure to pay. A written record of the proceedings held before the Master was not filed with the report because no such record of the evidence was made.
The husband, who was not represented by counsel at that time, sent a letter, pro se, to the General Master, making exceptions *857 to the Master's report. The trial court held a hearing on the husband's exceptions and entered an Order on September 6, 1991, sustaining the husband's exceptions and reversing the General Master's recommendations.
Thereafter, the wife filed a motion for rehearing, arguing that the husband had not provided the trial court with a record of the proceedings before the General Master, and thus the trial court was obligated to adopt the General Masters findings. The trial court then reversed its earlier Order, and entered an Order ratifying the General Master's report.
The wife argues, and we acknowledge, that a trial court may not sustain exceptions to a general master's report in the absence of a complete record of the proceedings below, and that the burden is upon the party making exceptions to ensure that a transcript of those proceedings is provided to the trial court. See Mestre Rental Co. v. Resources Recovery (Dade County), Inc., 568 So.2d 1344 (Fla. 3d DCA 1990); Catinella v. Catinella, 471 So.2d 1362 (Fla. 3d DCA 1985); Ben-Hain v. Tacher, 418 So.2d 1107 (Fla. 3d DCA 1982); Ferris v. Ferris, 417 So.2d 1066 (Fla. 4th DCA 1982); Sitomer v. Sitomer, 397 So.2d 373 (Fla. 4th DCA 1981); Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977). Naturally, that requirement assumes that there is a transcript, or other written record, in existence which can be obtained and provided to the Court by the party making the exceptions to the Master's report.
We reverse the trial court's order based upon our finding that the responsibility for ensuring that a written record is created in the first place clearly falls upon the General Master under Rule 1.490(f), Florida Rules of Civil Procedure.
As appellant's counsel correctly points out, Rule 1.490 of the Florida Rules of Civil Procedure covers general master proceedings and specifically states, in subsection (f), that "the evidence shall be taken in writing by the Master or by some other person under his authority in his presence and shall be filed with his report." Fla. R.Civ.P. 1.490(f). This requirement as to the recording of documentary evidence is imperative to ensure that the party taking exceptions has an adequate and fair opportunity to have the Master's report reviewed in order to ensure that it is not contrary to the evidence or to the law. As noted by the Fourth District:
Master's proceedings contribute greatly to the administration of justice by providing expeditious resolutions of disputes, a task which is otherwise difficult in view of crowded court dockets. Nonetheless, all judicial proceedings must be capable of review. We fail to see how the interests of justice are served by a circuit court's failure to require a record, a duty affirmatively placed upon it by our Supreme Court, pursuant to the rule making power conferred by Article V, Section 2(a) of the Florida Constitution.
Berk v. Berk, 423 So.2d 1018, 1019 (Fla. 4th DCA 1982). See also Kay v. Kay, 430 So.2d 532 (Fla. 4th DCA 1983) (noting that the Berk decision held that the filing of a transcript of the master's hearing with the report was mandatory).
Rule 1.490 mandates that the evidence be reduced to writing and filed with the Master's report to ensure that a record is created in order to protect the litigant's right to ultimate review by a judge. As recognized by the court in Kay v. Kay, 430 So.2d at 533:
One criticism often directed at the Master System arises by virtue of the resort to lesser functionaries who are not judges. Parties often feel they are entitled to be heard by the judge in the case rather than by an individual functioning in some subordinate role. Whether their fears and desires are really justified is beside the point. While the use of masters has a long tradition in our jurisprudence, it has always been tightly circumscribed and limited.
A record is imperative for proper review. Clearly, the Florida Supreme Court has placed the responsibility on the General Master to make sure that the evidence presented is reduced to writing and, furthermore, to have that written record of *858 the evidence filed with the report. In the present case, the General Master violated Rule 1.490(f) by failing to make sure that a written record of the proceedings was prepared. Thus, it was error for the trial court to ratify the General Master's Report based upon the husband's failure to provide the trial court with a record of the proceedings, when no such record existed. Obviously, a litigant cannot provide the Court with a document which does not exist.
Accordingly, we reverse the trial court order overruling the husband's exceptions and remand with directions to the trial court to vacate the General Master's Report. If the wife so desires, she may reschedule her motion for an evidentiary hearing.
Reversed.