HUBBART, Judge.
The central question presented for review is whether a party to post-judgment modification proceedings in a marriage dissolution action may, through the party’s counsel, waive the right to have a court reporter present during a general master’s hearing in the case after the parties have agreed to have a general master hear the case. We conclude that such a waiver is legally permissible and was effectively accomplished in this case. Accordingly, we affirm.
I
In July 1992, the husband Galen A. Knupp filed a motion before the circuit court below to modify the child custody provisions of a final judgment of marriage dissolution. The matter was referred by the circuit judge, with the consent of both parties, to a general master for a hearing. Before the hearing began, counsel for the husband and counsel for the wife Sophia Knupp, after consultation with their respective clients, signed a written waiver of a written record for the hearing. The written waiver states:
The parties have been fully advised of Administrative Order No. 92.18 filed in Case 92-1, and understand ‘THAT A TRIAL COURT MAY NOT SUSTAIN EXCEPTIONS TO A GENERAL MASTER’S REPORT IN THE ABSENCE OF A COMPLETE RECORD OF THE PROCEEDING BELOW (before the General Master), AND THAT THE BURDEN IS UPON THE PARTY MAKING EXCEPTIONS TO ENSURE THAT A TRANSCRIPT OF THOSE PROCEEDINGS IS PROVIDED TO THE TRIAL COURT.’ Petrakis v. Petrakis, Case 91-2700, March 31, 1992.
And being so advised do hereby waive the requirement of a WRITTEN RECORD as provided for in 1.490(f) Fla. R.Civ.P. in all hearings arising out of the Order of Referral to the Master, entered in this case on July 23rd, 1992.
Parties/Attorneys:
/s/ Wilson E. Hodge Attorney for Petitioner
Petitioner, Pro Se Date: August 7th, 1992 /s/ Ana Hernandez Attorney for Respondent
Respondent, Pro Se Date: August 7th 1992
Thereafter the general master took testimony in the case and filed a written report. The wife then filed exceptions to the report of the general master asserting that the general master erred in a number of respects, including the failure to file a written record with the report, and that the waiver of such a record by the parties was ineffective. The circuit court denied these and other exceptions filed by the wife. The wife appeals.
II
It is well settled in Florida that it is the duty of the party making exceptions to a general master’s report to provide the trial court with a sufficient record of the proceedings before the master so that the trial court may properly pass upon the exceptions made; in the absence of such a record, the trial court is required to overrule the party’s exceptions and accept the general master’s report. See, e.g., Mestro Rental Co. v. Resources Recovery (Dade County), Inc., 568 So.2d 1344 (Fla. 3d DCA 1990); Model v. Model, 472 So.2d 867, 867 n. 1 (Fla. 3d DCA 1985); Ben-Hain v. Tacher, 418 So.2d 1107 (Fla. 3d DCA 1982); Ferris v. Ferris, 417 So.2d 1066 (Fla. 4th DCA 1982); Sitomer v. Sitomer, 397 So.2d 373 (Fla. 4th DCA 1981). This is akin to the duty of the appellant to provide a sufficient record on appeal so that the appellate court may properly pass on the points on appeal urged by the appellant— which, inter alia, includes, when appropriate, the duty of ordering and paying for a transcript of the trial proceedings, subject to later taxation of costs; in the absence of such a record, the appellate court is required to affirm the order under review. See, e.g., *867 McNair v. Pavlakos/McNair Dev. Co., 576 So.2d 933 (Fla. 5th DCA 1991); Boylan v. Boylan, 571 So.2d 580 (Fla. 4th DCA 1990); In re Guardianship of Read, 555 So.2d 869, 870 (Fla. 2d DCA 1989); Ahmed v. Travelers Indem. Co., 516 So.2d 40 (Fla. 3d DCA 1987).
It is clear, however, that in a hearing before a general master there is some obligation on the part of the master to aid the objecting party in performing the latter’s duty to provide the trial court with a record of the master’s proceedings. Fla.R.Civ.P. 1.490(f) provides that “[t]he evidence shall be taken in writing by the master or by some other person under the master’s authority in the master’s presence and shall be filed with the master’s report.” This requires the master personally to detail the evidence adduced at the master’s hearing in a written report or, as we have held, to have available a court reporter to take down the evidence as it unfolds at the hearing — so that the objecting party may then take the necessary steps to provide the trial court with an appropriate record to support the party’s exceptions to the master’s report. Gordin v. Gordin Int'l, Inc., 605 So.2d 154 (Fla. 4th DCA 1992); Petrakis v. Petrakis, 597 So.2d 856 (Fla. 3d DCA 1992).
As previously stated, the question presented by this case is whether a party may, through counsel, validly waive the requirement for a written record of the master’s proceedings. We conclude that a party, through counsel, may so waive this requirement and that such a valid waiver was accomplished in this case. Plainly, an attorney has the implied authority to try a case as his/her best judgment dictates and in so doing to bind the client in all procedural matters; in our view, the decision to waive the presence of a court reporter for a hearing is a procedural matter which counsel may decide. Schleiger v. Schleiger, 137 Colo. 279, 324 P.2d 370, 373-74 (1958). Contrary to the wife’s argument, such a waiver is not a waiver of the substantive right to seek review of the master’s report in the trial court because the report, if legally insufficient or erroneous on its face, may be excepted to by the objecting party in the trial court; indeed, such exceptions were, in fact, filed by the wife in this case and ruled on by the trial court. Beyond that, counsel for the wife signed a waiver of a written record before the general master after consultation with the wife. Accordingly, the general master was relieved of the Fla.R.Civ.P. 1.490(f) requirement of either personally detailing the evidence received at the hearing in written form or in having available a court reporter to transcribe the proceeding.
A different question would be presented if the wife had not been represented by counsel below. We have grave doubts whether a pro se written waiver of a record of the master’s proceedings would be valid unless the party has been given a careful advisement of rights by the master or some other responsible person. Clearly, a party, if pro se, must understand the nature and consequences of such a waiver. In the instant case, however, the wife had the benefit of legal advice and, through counsel, clearly waived the requirement of a written record.
For the above-stated reasons, the final order under review is, in all respects,
Affirmed..
COPE, J., concurs.