SCHWARTZ, Chief Judge
(specially concurring).
I agree with the decision, but only, as the court emphasizes, because the appellant executed the waiver on advice of counsel. We would not reach the same result if this were not the case because the waiver form[1]— apparently a standard one presented to litigants in each Dade County case which has been referred to a general master — is no less than affirmatively misleading: it sets out that portion of the Petrakis case which concerns the burden of the litigant to prepare the record but, with apparent deliberation, completely omits the holding of the case concerning the duty of the master to provide for its availability. Petrakis v. Petrakis, 597 So.2d 856 (Fla. 3d DCA 1992). In Petrakis, *868 we said, but the waiver does not, that the litigant’s obligation to provide a record
assumes that there is a transcript, or other ■written record, in existence which can be obtained and provided to the Court by the party making the exceptions to the Master’s report.
We reverse the trial court’s order based upon our finding that the responsibility for ensuring that a unitten record is created in the first place clearly falls upon the General Master under Rule 1490(f), Florida Rules of Civil Procedure.
Petrakis, 597 So.2d at 857 (e.s.); accord Lopez v. Lopez, 622 So.2d 153 (Fla. 3d DCA 1993), and cases cited. The form’s failure to mention this key element of Petrakis is unworthy of any part of our justice system. It should be corrected at once.

. See op. at 866.