654 So.2d 1036 (1995)
GENERAL MOTORS CORPORATION, Petitioner,
v.
Betty Haire DICKERSON, Individually and Samuel Dickerson, her spouse; Hillside Van Lines, Inc.; the Estate of Angelo Michael Molesi; and American Service Life Insurance Company, Respondents.
No. 95-0087.
District Court of Appeal of Florida, Fourth District.
May 17, 1995.
Robert J. Rudock and Mark E. Grimes of Rumberger, Kirk & Caldwell, Miami, and Sandra Macauley of Lord, Bissell & Brook, Chicago, IL, for petitioner.
Theresa A. Dipaola of Ricci, Hubbard, Leopold & Frankel, P.A., West Palm Beach, for respondents Betty Haire Dickerson & Samuel Dickerson.
WARNER, Judge.
General Motors (GM), the defendant in a products liability/personal injury suit, seeks certiorari review of an order overruling its exceptions to a special master's report and adopting that report. The special master had been appointed to review documents and determine whether they were protected from full disclosure by petitioner's trade secret privilege. The master determined that none of the 50,000 documents submitted were so protected. The master's report denied GM's motion for a protective order to prevent the unrestricted disclosure of discovery documents.
After an initial hearing at which no testimony was received, the special master conducted an in camera review of the documents and ruled, without further hearing, that GM had not met its burden of proving that the documents, which relate to models of automobiles that are no longer in production, contain commercially sensitive information or *1037 that disclosure would lead to a defined and serious injury.[1]
Fifty thousand documents were initially involved; GM's petition asserts error as to the disclosure of 15,000 of those documents. GM does not object by this petition to disclosing the information to the plaintiff, but only to any further dissemination by the plaintiff.
Petitioner contends that the report is clearly erroneous. We agree, because the findings in the report are contrary to the limited record which is before us and which was before the trial court.
The master found that the documents in question were not entitled to protection because they involved the engineering analysis of an automobile manufactured in 1986 and at the point of discovery were neither competitively sensitive nor confidential in nature. However, the index of the documents in the record proves that the finding is clearly erroneous, because the documents involve automobile models from 1981 to 1993. As the master found that all of the documents related to the 1986 vehicle and thus were not competitively sensitive or confidential, that finding is clearly not supported by the record.
Furthermore, the master found that the petitioner had not shown how the release of the documents would cause competitive harm to it. To the contrary, the record contains the affidavit of one of petitioner's engineers who specifically detailed how various classes of documents could be used by a competitor. This affidavit was unrebutted. The master cannot ignore this unrebutted affidavit. Thus, from the only record before it, the trial court should have rejected the master's report.
We therefore quash the trial court's order with directions to resubmit this matter to the master for further consideration of the trade secret privilege in accordance with this opinion.
GUNTHER, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would deny certiorari on this record on the authority of Ferris v. Ferris, 417 So.2d 1066 (Fla. 4th DCA 1982), and Hemminger v. Hemminger, 391 So.2d 254 (Fla. 4th DCA 1980), rev. denied, 399 So.2d 1143 (Fla. 1981).
NOTES
[1] There was some argument initially in the trial court as to whether section 69.081, Florida Statutes, the Florida Sunshine in Litigation Act applies. This case involves the crashworthiness of seat construction. No decision was apparently made by either the master or the trial court relative to applying the act, but that issue is not before us at this time. For the purpose of this review, it does not matter whether the court's denial of protective order is based on the statute or an alleged need to protect trade secrets.