OPINION ON PETITION FOR REHEARING
PER CURIAM.
This court’s opinion in this appeal was file.d October 3, 1978. Thereafter, the appellants filed within the time allowed for motions for rehearing the following motions:
1. Appellant Trustees of Beneficial Standard Mortgage Investors — Motion for Rehearing;
2. Appellant Trustees of Beneficial Standard Mortgage Investors — Motion for Leave to Submit Argument;
3. Appellant Trustees Cameron Brown Investment Group — Motion to Vacate Appellate Decision as Unconstitutional, Alternative Motion for Rehearing and to Vacate, and Alternative Motion to Certify Questions of Great Public Interest.
The appellees have filed a response and a Motion to Strike Appellants’ Motion to Vacate as Void. Because of the circumstances of this case, we have denied appellees’ Motion to Strike and have granted appellants’ Motion for Leave to Submit Argument.
The principal burden of the motions of appellants is that the decision was not considered by three judges. We cannot agree. The position of the appellants arises out of the circumstances of Judge Nathan’s death after the appeal was heard upon oral argument and before the opinion of the court was filed. The appeal was heard by a full panel. Judge Nathan circulated to the panel a proposed opinion, which was rejected by the majority. After reconference, a majority opinion was prepared in which Judge Nathan did not join. Thereafter, Judge Nathan died and because he had not drafted a dissent, his first opinion was published as a dissent. Upon the filing of appellants’ motion for rehearing, a third judge was assigned to the panel. The appeal was considered by the panel on motion for rehearing. The third judge, after a full consideration of the briefs and the record, joined the majority. It is, therefore, clear that this case was fully considered by three judges. The petition for rehearing is denied.
A second point urged in the motion for rehearing merits comment. The motion urges that because of language in the majority opinion indicating the controlling question to be whether the record supports the trial judge’s finding of usury and the imposition of the penalty, the court has failed to consider the remaining points in the briefs. The panel on the original consideration and the panel on motion for rehearing have fully considered each point presented and determined that the points do not present reversible error. The reference of the court in its majority opinion to a determinative question was an expression of the court’s conclusion that the only points requiring discussion were those involving the issue of usury.
Accordingly, the motion for rehearing is denied and the motion to rehear and vacate is denied. The motion to certify is stricken pursuant to the holding in Lipsius v. Bristol-Myers Company, 269 So.2d 680 (Fla.1972).
It is so ordered.