474 So.2d 1245 (1985)
George A. GUADINE, Appellant,
v.
Susan GUADINE, Appellee.
No. 84-1676.
District Court of Appeal of Florida, Fourth District.
September 4, 1985.
Hans C. Feige of Feige and Cranmer, P.A., Coral Springs, for appellant.
Steven C. Kohl of Steven C. Kohl, P.A., Hollywood, for appellee.
PER CURIAM.
At issue is whether the lower court erred by failing to implement a master's recommendation that a mother contribute to the financial support of her two minor children. We reverse.
For approximately one year following the parties' 1981 divorce, the mother retained custody of the parties' two minor children. During this time the father paid substantial child support. In 1982, the father assumed custody of the children pursuant to an agreement between the parties. The husband subsequently filed a petition for modification in which he asked the court to order his former wife to contribute to the support of the children. The matter was referred to a general master, who, after a hearing, entered a report finding that the mother had the ability to contribute to the support of her children and recommending a modification which would require her to pay a relatively modest amount in child support.
The mother filed exceptions to the general master's report. Upon consideration, the lower court rejected the master's support recommendation on the ground that the parties had agreed in writing that neither would ever petition a court to order the other to pay child support. The lower court concluded that it simply did not have the authority to honor the father's request for child support in the face of the parties' agreement.
The law imposes an obligation on both parents to contribute to the support of their children. This obligation inheres in the parental relationship and cannot be disposed of via contractual agreement. Nor can any contract divest the courts of their authority to modify child support, for "[i]nherent in a court's authority is the authority to modify child support  regardless of any agreement between the parties... ." Norwood v. Norwood, 466 So.2d 5, 6 (Fla. 5th DCA 1985); see also Isaacs v. Deutsch, 80 So.2d 657 (Fla. 1955); Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971).
*1246 "It is also well-settled law ... that a master's report is clothed with a presumption of correctness and should be approved and adopted by the trial court unless clearly erroneous or unless it appears that the master has misconceived the legal effect of the evidence." Ben-Hain v. Tacher, 418 So.2d 1107, 1108 (Fla. 3d DCA 1982); see also Harmon v. Harmon, 40 So.2d 209 (Fla. 1949); Broudy v. Broudy, 423 So.2d 504 (Fla. 3d DCA 1982); Sitomer v. Sitomer, 397 So.2d 373 (Fla. 4th DCA 1981); Hemminger v. Hemminger, 391 So.2d 254 (Fla. 4th DCA 1980), review denied, 399 So.2d 1143 (Fla. 1981). Since the master's findings herein were supported by competent evidence and because the support recommendation was correct as a matter of law, we reverse and remand with instructions to implement the master's recommendation.
ANSTEAD, HURLEY and BARKETT, JJ., concur.