BLUE, Judge.
Donna Hand challenges the trial court’s downward modification of the child support obligation of Hand’s former husband, John Kushmer. Because the record fails to show a substantial change of circumstances to support the reduction in child support, we reverse.
The parties were divorced in 1983 and they have three children from the marriage. The final judgment of dissolution incorporated their property settlement agreement and required Kushmer to pay $860 a month in child support, divided equally among the three children. In 1987, the parties stipulated to a reduction in Kushmer’s child support obligation to $785 a month.
In September 1993, Kushmer petitioned for modification of the final judgment of dissolution. He alleged that he had suffered a substantial change of circumstances with a permanent, involuntary and unforeseeable reduction in his income. We have carefully reviewed the transcript of the proceedings before the hearing officer. Based on this review, we must conclude that Kushmer failed to offer sufficient proof to establish a change of circumstances justifying a downward modification. Kushmer testified that his net income in 1987 was $1000 a month. His accountant testified that his current income is approximately $1100 a month. But he also testified that Kushmer was taking draws from the checking account averaging over $2800 a month for the first seven months of 1994. Without objection from Kushmer, the hearing officer found that his income was $1200 a month. Based on these numbers, Kushmer’s financial situation has improved since the 1987 modification.
Modification of child support is governed by the following principles of law:
*927 A fundamental prerequisite to modification of child support payments is a showing of substantial change of circumstances, including financial circumstances of one or both of the parties. This change in circumstances must be significant, material, involuntary, and permanent in nature. The party seeking modification has the burden of showing this change in circumstances. And where, as here[,] the amount of child support is based upon an agreement by the parties, a heavier burden rests upon the party seeking a modification than would otherwise be required.
Fritz v. Fritz, 485 So.2d 488, 489 (Fla. 3d DCA 1986) (citations omitted) (quoting Deatherage v. Deatherage, 395 So.2d 1169, 1170 (Fla. 5th DCA 1981)). The heavier burden applies only where the party seeks a downward modification, as in this case. See Tietig v. Boggs, 602 So.2d 1250 (Fla.1992).
Based on the record and transcript before us, we conclude that Kushmer faded to show the substantial change of circumstances necessary to support the downward modification. Accordingly, we reverse.
PARKER, A.C.J., and ALTENBERND, J., concur.