FARMER, Judge.
In the parties’ 1989 divorce, the mother was given custody of their son and awarded $600 monthly child support. Five years later the father moved to modify support, alleging that he had lost his job, and unilaterally reduced his payments to $300. The trial court ordered him to continue paying $600 and to pay the arrearages, but said nothing about his motion to modify support on account of his job, which remained pending. Later the trial judge also ordered that he pay $775 in attorney’s fees within 90 days.
At that point, an apparent settlement was reached between the mother and father, in which they agreed that support would be reduced to $250 plus an additional $50 for arrearages, but that the father would pay all arrearages upon the sale of his personal residence. A written document was signed by the father and both attorneys but not, ultimately, by the mother. It was also never ratified and approved by the trial court. In time the mother disputed the agreement.
The father next amended his motion for modification to add a request that he be awarded custody. Later he withdrew the request for custody, but continued to maintain his motion to modify the amount of support. While it remained pending, the parties entered into a new “Stipulation for Settlement” in which the parties agreed that the amount of child support would be modified to $519 and that there remained four issues for resolution by the trial court: (a) the amount of any arrearages; (b) whether the 1994 stipulation was valid and enforceable; (c) whether visitation should be restricted; and (d) whether attorney’s fees should be awarded.
At a final hearing on the matter, the trial court denied the mother’s claim for arrearag-es and found that the father had established a substantial change in circumstances, granting his motion for modification, and then denied the mother’s motion for attorney’s fees. She appeals. We reverse.
We agree with her that the trial court abused its discretion in not enforcing the settlement agreement between the parties. First, the trial court erred in refusing to resolve the stipulated issue as to whether the 1994 stipulation was valid and enforceable against the father. Although it may be true that the issue is moot in light of the later settlement agreement, there is nothing in the later settlement agreement expressly declaring that it supersedes all prior understandings. In fact, the 1996 settlement agreement specifies that the parties agree that the court should resolve the issue of the validity and enforceability of the 1994 stipulation. The parties are entitled by their later agreement to have the issue of the disputed earlier stipulation resolved. If the earlier stipulation, unsigned by the mother, turns out to be valid and enforceable, it will be up to the trial judge to assess its effect on the later agreement and resulting proceedings.
Second, the motion for modification of child support was moot because this issue was resolved by the 1996 settlement agreement which expressly modified the amount of child support. In light of the parties’ express agreement, the court improperly proceeded to decide that issue in spite of the absence of any showing that the agreement modifying child support was not in the best interest of the child or was the product of coercion or some other impropriety suggesting that it was not knowing and voluntary.
Third, the trial court erred in failing to resolve the amount of arrearages. The father’s attorney explicitly conceded at the fi *618 nal hearing that there were arrearages due the mother.
We do conclude, however, that the mother has shown no abuse of discretion in the trial court’s denial of attorney fees. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997) (“section 61.16 should be liberally — not restrictively— construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties”).
REVERSED.
DELL and SHAHOOD, JJ., concur.