DAMOORGIAN., J.
Appellant, Milagro Escobar, timely appeals an order denying Appellee’s, Jose Escobar’s, supplemental petition for modification of child support, which reduced Appellee’s child support obligation from six hundred dollars bi-weekly to six hundred dollars semi-monthly retroactive to the 2004 final judgment of dissolution of marriage.
Milagro Escobar (hereinafter “Former Wife”) and Jose Escobar (hereinafter “Former Husband”) were previously married and have three children together from that marriage. The Former Husband filed a petition for dissolution of marriage with dependent or minor children in 2003, which ultimately led to the parties entering into a marital settlement agreement determining the Former Husband’s child support obligation. The agreement was incorporated into the final judgment of dissolution of marriage.
The marital settlement agreement established that the Former Husband would be responsible for paying six hundred dollars “every two weeks” or “bi-weekly” in child support “until the youngest minor Child attainted] the age of eighteen or graduated] from High School, whichever occurs later but not to extend beyond the age of 19, becomes emancipated or dies.” However, in the “Alimony” section, the agreement stated that child support would be paid at the rate of twelve hundred dollars per month.
Beginning in 2006, the Former Husband attempted through various motions to terminate child support for his older children as they attained the age of majority. In doing so, he also sought to recover any child support paid for those children from that point. In one of his motions, the Former Husband also sought clarification with regard to the calculation of child support, pointing to the conflict between the “Child Support” and “Alimony” sections in the agreement. These attempts were denied, with the court concluding that there was no ambiguity in the language of the parties’ agreement and explaining that the Former Husband “had agreed to pay child support of $600.00 every 2 weeks whether there were 3, 2 or 1 remaining minor Child.” Finally in 2009, the Former Husband filed a supplemental petition for modification of child support, alleging that his middle child was turning eighteen in May of 2009. Again, the Former Husband requested his child support be reduced be *960 cause only one of his children had not reached the age of majority.
The trial court set the Former Husband’s petition for a non-jury trial. Following the trial, the trial court entered an order denying the Former Husband’s supplemental petition for modification of child support. The trial court’s order noted that the Former Husband was not making what he earned before because his position changed in 2009, but the Former Husband had not pled the change in circumstances. Concluding that the sole basis pled by the Former Husband for modification of the child support was the legal emancipation of two of the three minor children, the court nonetheless determined that the Former Husband could have a legal basis to modify his child support downward in the future based on a permanent downward change in income if properly pled.
In relevant part, the order on appeal also stated:
Unfortunately for the Former Husband he made a very bad bargain. He agreed that despite the legal emancipation by majority or otherwise of the 2 elder Children that “... Child Support shall continue until the youngest minor Child attains the age of eighteen....” He also contracted "... to pay the sum of $600.00 bi-weekly....” Accordingly, the Former Husband who reasonably anticipated, knew or should have known that the older 2 Children would legally emancipate nevertheless agreed to pay $1,200.00 per month for the remaining minor Child.
The Court concludes, however, from the totality of the MEMORANDUM OF AGREEMENT (specifically the child support and alimony provisions) and the parties’ testimony that the Former Husband is obliged to pay child support of $1,200.00 per month which must be charged at the rate of $600.00 twice monthly (or 24 installments) rather than bi-weekly (which is 26 installments) per year.
(Emphasis supplied). In its final disposition, the court ruled that the assessments were modified retroactively, giving the Former Husband a credit balance of $9,186.44.
On appeal, the Former Wife argues that the trial court erred when it revised the child support to a semi-monthly basis instead of bi-weekly because the court had previously held in its 2006 order that the agreement was unambiguous, requiring biweekly payments. Therefore, since no appeal was taken from that order, the Former Wife contends the trial court had no jurisdiction to now conclude that the agreement may be given a different interpretation. We agree.
The standard of review governing a trial court’s decision to modify child support is abuse of discretion. See Cordell v. Cordell, 30 So.3d 647, 649 (Fla. Sd DCA 2010) (reviewing a trial court’s decision to modify child support retroactive to the date of the final judgment for an abuse of discretion) (citations omitted). However, because we are required to determine whether the doctrine of res judicata prohibits the trial court from revisiting the 2006 order, the standard of review is de novo. Engle v. Liggett Group, Inc., 945 So.2d 1246, 1259 (Fla.2006).
The Former Husband did not plead a change in circumstances, as the trial court noted. Rather he petitioned for a modification based on the fact that two of his three minor children had reached the age of majority. Notwithstanding, the order on appeal made a change to the child support payment terms, determining that child support was due semi-monthly instead of bi-weekly despite the existence of a 2006 order. The 2006 order concluded that the agreement was unambiguous and child support payments were due every *961 two weeks. We hold that the 2006 order was res judicata with respect to the payment terms in the agreement and that the trial court did not have the authority to later change those terms. See Sullivan v. Hoff-Sullivan, 58 So.3d 293, 294 (Fla. 1st DCA 2011) (holding that appellee was barred by res judicata from relitigating the interpretation of the parties’ divorce agreement in Florida where a Georgia court had previously entered orders interpreting the parties’ divorce agreement).
We also note that the Former Husband did not allege any ambiguity in the agreement regarding payment terms in his supplemental petition for modification before the trial court. Ambiguity in the marital settlement agreement had been alleged in the Former Husband’s previous motions, which were ruled upon in 2006. Yet the trial court, in ruling on the Former Husband’s petition, modified the payment terms of the support from, bi-weekly to twice a month-twenty-six versus twenty-four installments a year-“to correctly effectuate the terms of the parties’ [marital settlement agreement].” Accordingly, we hold that the trial court also erred in awarding relief not requested. See Cardinal Inv. Group, Inc. v. Giles, 813 So.2d 262, 263 (Fla. 4th DCA 2002) (“[C]ourts are not authorized to grant relief not requested in the pleadings.”); see also Homestead-Miami Speedway, LLC v. City of Miami, 828 So.2d 411, 413 (Fla. 3d DCA 2002) (striking portion of order providing relief that was neither pled nor requested).
Because we are reversing the order on appeal, the Former Wife’s remaining points on appeal are rendered moot.

Reversed.

WARNER and GERBER, JJ., concur.