WARNER, J.
 We affirm the trial court’s denial of appellant’s petition for modification of child support. The party moving for a modification of child support has the burden of proving all of the following factors, or rather, “three fundamental prerequisites,” Woolf v. Woolf, 901 So.2d 905, 912 (Fla. 4th DCA 2005): “First, there must be a substantial change in circumstances. Second, the change was not contemplated at the time of final judgment of dissolution. Third, the change is ‘sufficient, material, involuntary, and permanent in nature.’” (quoting Pimm v. Pimm 601 So.2d 534, 536 (Fla.1992)). When the original child support amount is based on an agreement by the parties, as here, there is a heavier burden on the party seeking a downward modification. Hand v. Kushmer, 673 So.2d 926, 927 (Fla. 2d DCA 1996) (citing *1023 Fritz v. Fritz, 485 So.2d 488, 489 (Fla. 3d DCA 1986), and Tietig v. Boggs, 602 So.2d 1250 (Fla.1992)).
The trial court did not abuse its discretion in denying a greater modification than it allowed. The child support was set in a marital settlement agreement executed at the time the parties divorced. The record supports a conclusion that the reduction in income for appellant, a self-employed entrepreneur at the time of the modification, was neither involuntary nor permanent in nature. He had been employed by a corporation earning a decent salary at the time of the divorce. No evidence was presented as to how or why he lost that income. Appellant had invested in real estate, some of which was in foreclosure. He was trying to sell solar products on commission through his solely-owned company, but he had earned nothing from this enterprise. When asked by appellee when he planned to look for other employment, appellant’s response was simply, “I am looking at all my options.” In other words, the court could conclude that appellant was voluntarily reducing his income by failing to use any effort to find work commensurate with his skills and abilities. Moreover, although he claims to have little income, he has continued to maintain a lifestyle where his expenses total in excess of $4,000 per month. The court simply did not believe that his income as a self-employed “entrepreneur” was reduced to the level that he claimed. Thus, he did not meet the heavier burden of showing that a downward modification of the agreed child support was warranted.

Affirmed.

DAMOORGIAN and CONNER, JJ., concur.