GERBER, J.
The former wife appeals from the circuit court’s final order granting the former husband’s petition for modification of his child support obligation. The former wife primarily argues that the circuit court erred in finding that the former husband’s child support obligation was modifiable and that his decrease in income was a substantial change of circumstances warranting a reduction. We agree with the court’s findings. Thus, we affirm.
This opinion will break down this case into its six significant stages: (1) the parties’ marital settlement agreement (“MSA”); (2) the parties’ pleadings in the circuit court; (3) the court’s hearing; (4) the court’s final order; (5) the parties’ arguments on appeal; and (6) our reasoning for affirmance.

The Parties’ MSA

The MSA’s child support section stated, in pertinent part, that the former husband was to pay the former wife a stated amount per month in child support until such time as the parties’ eldest child reached majority age or was otherwise no longer eligible for support. Upon the termination of the former husband’s child support obligation for the eldest child, the former husband’s child support obligations for the remaining children would be “recalculated in accordance with the then existing child support guidelines and the Parties[’] then current available incomes, respectively.” This procedure would repeat itself as each child reached majority age or was otherwise no longer eligible for support.
The MSA’s child support section then stated, in pertinent part:
In determining the amount of periodic child support, the Parties have taken into consideration the statutory child support guidelines, the income and “good fortune” of the Husband, the income of the Wife, the current needs of the Children, the rotating custody arrangement and all of the other financial provisions of this Agreement, particularly, the equitable distribution and lump sum alimony provisions, and the impact thereof. Accordingly, the Parties agree that the amount of periodic child support set forth herein is more than reasonable and sufficient. Given that the Parties will have physical custody of the Children on a rotating, equally shared basis, the amount of child support required by this Agreement substantially exceeds the amounts the Court would or could award pursuant to the Child Support Guidelines, particularly since ... the Husband is undertaking to pay all of the costs associated with the Children’s private school tuition through grade eight, medical insurance, uninsured medical expenses and saving for college tuition. At this time, the Husband’s average gross income over the last several years has exceeded [amount], while the Wife has had virtually no income from employment for the last several years. The Parties submit that this is further *1113 evidence of the reasonableness of the amounts for child support required by this Agreement.
Also of significance in the MSA is its property settlement and alimony sections. Those sections provided that, in settlement of all claims between the parties: the former husband would pay an identified lump sum payment to the former wife; the former wife would not be permitted to seek spousal support from the former husband; and the former husband released any claims of entitlement to the former wife’s future compensation.
Of final significance in the MSA is that, in both its alimony and child custody sections, the parties expressly agreed that they could not seek to modify those sections “no matter how the circumstances of either party change.” However, the MSA’s child support section contained no such agreement.

The Parties’ Pleadings in the Circuit Court

The former husband’s petition for modification of child support, filed nearly four years after the final judgment incorporating the MSA, alleged that a substantial change in circumstances had occurred, warranting modification. See § 61.13(l)(a)2., Fla. Stat. (2012) (“The court initially entering an order requiring one or both parents to make child support payments has continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments .... if there is a substantial change in the circumstances of the parties ....”) (emphasis added). Specifically, the former husband alleged, in pertinent part:
3.Since entry of the final judgment, there has been a substantial change in circumstances requiring a modification in child support.... [A]t the time the Court entered final judgment, [the former wife] was a stay-at-home parent, who was not working outside the home. [The former wife] has returned to the full-time practice of law.
4. [The former husband] ask[s] the court to modify child support as follows: to be consistent with the child support guidelines, parties’ current earnings and earning ability, rotating custody arrangement, and [the former husband’s] other obligations under the parties’ marital settlement agreement.
5. The change requested ... is in the best interest of the children because it will require both parties to contribute to their children’s maintenance and care in accordance with their respective abilities.
The former wife’s response raised three arguments: (1) within the MSA, the parties understood she would return to work and earn income to become financially independent, and therefore, her current employment was not an unanticipated change of circumstances; (2) although the former husband released his right to claim an entitlement to her future compensation, his petition essentially claimed an entitlement to her future compensation; and (3) the conditions stated in the MSA as to when the former husband’s child support obligations would be recalculated had not yet occurred.
The former husband’s reply raised four arguments: (1) a substantial change in circumstances occurred because the former wife had become employed as a lawyer on a full-time basis, earning a substantial six-figure salary, while his income, by comparison, had declined nearly fifty percent since the time of the parties’ dissolution; (2) at the time of the parties’ dissolution, his obligations were calculated on the basis of his average gross income in the preceding years, while the former wife had virtually no income in the preceding years; (3) if the parties intended for the MSA’s *1114 child support provisions to be nonmodifiable, then they would have said so as they did with the MSA’s alimony and child custody provisions; and (4) the MSA provision in which he released any claims of entitlement to the former wife’s future compensation was in exchange for his property settlement with the former wife, and was not a waiver of his statutory right to modification of child support.

The Court’s Hearing

At the court’s hearing, the former husband argued that the MSA’s child support provision was modifiable both as a matter of law and under the MSA’s unambiguous language. As to being modifiable as a matter of law, the former husband relied on Guadine v. Guadine, 474 So.2d 1245 (Fla. 4th DCA 1985), for the proposition: “Nor can any contract divest the courts of their authority to modify child support, for inherent in a court’s authority is the authority to modify child support — regardless of any agreement between the parties.” Id. at 1245 (internal brackets, quotations, and citations omitted). As to the MSA’s language, the former husband argued that because the MSA’s child custody and alimony sections provided those items were non-modifiable, the exclusion of such a provision in the child support section indicated that child support was modifiable.
In response, the former wife argued she was not claiming that the MSA’s child support provision was non-modifiable. Rather, she argued that, in the MSA, the parties agreed child support was modifiable only when a child reached majority age or was otherwise no longer eligible for support.
After the parties concluded their arguments, the trial court announced its finding that the MSA’s child support provision was modifiable. In support of its finding, the court articulated two reasons: (1) the MSA’s specific reference to spousal support and property rights being non-modifiable, without mentioning child support being non-modifiable, indicated the parties did not intend to make child support non-modifiable; and (2) the MSA’s requirement that child support terminate when a child reached majority age or was otherwise no longer eligible for support was required as a matter of law, and did not indicate those were the only conditions by which child support could be modified.

The Court’s Final Order

The court later issued a final order granting the former husband’s petition. The order contained findings of fact regarding the former husband’s and the former wife’s financial status. As to the former husband, the court found that he had no income from his new law practice and was living off his investments. However, the former husband’s decision to leave his former law firm was voluntary and the court would use his last annual income from that firm as his current income for child support purposes. As to the former wife, the court found that she was earning an annual income of approximately two-thirds of the amount of the former husband’s annual income.
The order then contained four conclusions of law. First, the court memorialized its hearing announcement that the former husband’s child support obligation in the MSA was modifiable.
Second, the court concluded the former husband did not meet his burden of proving that the former wife’s employment as an attorney and her resulting earnings were a substantial change of circumstances. In reaching that conclusion, the court relied upon the MSA’s provision that as child support for a child terminated, the former husband’s child support obligation for the remaining children would be recalculated in accordance with the child sup *1115 port guidelines and the “[p]arties’ then current available incomes, respectively.”
Third, the court concluded that the former husband met his burden of proving that his nearly fifty percent decrease in annual income was a substantial change of circumstances.
Fourth, the court concluded that the former husband’s child support obligations should be determined by applying the former husband’s and the former wife’s gross annual incomes to the child support guidelines. Pursuant to section 61.30(l)(a), Florida Statutes (2012), the court then considered all relevant factors, including the former husband’s income and the difference between the former husband’s original child support obligation and the presumptive guideline amount, and increased the presumptive guideline amount by five percent. See § 61.80(l)(a), Fla. Stat. (2012) (“The trier of fact may order payment of child support which varies, plus or minus 5 percent, from the guideline amount, after considering all relevant factors, including ... the financial status and ability of each parent.”).
The court made this new monthly child support obligation retroactive to the date the former husband filed his petition for modification. The court also calculated the amounts of the former husband’s monthly child support obligations as the parties’ four children each reached the age of majority, unless the children otherwise remained eligible for support beyond the age of majority.
The court also ordered the parties to bear their own attorney’s fees and costs.

The Parties’ Arguments on Appeal

The former wife argues on appeal that the court erred in finding: (1) the former husband’s child support obligation was modifiable; (2) the former husband’s decrease in income was a substantial change of circumstances warranting a reduction of his child support obligation; (3) the former husband’s child support obligation should be reduced retroactively; and (4) the former wife was not entitled to recover her attorney’s fees and costs pursuant to the MSA and Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
In response, the former husband raises three arguments: (1) the court’s finding that the former husband’s child support obligation was modifiable was correct as a matter of law; (2) the court’s decision to reduce the former husband’s child support obligation was supported by the competent, substantial evidence of his income reduction; and (3) if the court’s modification order is affirmed, then the former wife should not be entitled to recover her attorney’s fees and costs.

Our Reasoning for Affirmance

We will address our reasoning for affir-mance in the order of the former wife’s four arguments on appeal.
1. The former husband’s child support obligation under the MSA was modifiable as a matter of law.
Normally, “[t]he standard of review governing a trial court’s decision to modify child support is abuse of discretion.” Escobar v. Escobar, 76 So.3d 958, 960 (Fla. 4th DCA 2011) (citation omitted). However, the issue of whether the former husband’s child support obligation was modifiable under the MSA is an issue of law. See Sirkin v. Sirkin, 204 So.2d 13,14 (Fla. 3d DCA 1967) (“The sole issue of law involved in this appeal is whether or not a chancellor has the right to modify the provisions of a final decree of divorce regarding support money ... for minor children where the decree is based upon an approved stipulation between the parties.”) (emphasis added). As an issue of law, our standard of review on the issue of child support modifiability is de novo. Cf Mathers v. Brown, 21 So.3d 834, 837 (Fla. *1116 4th DCA 2009) (“While the standard for reviewing a trial court’s equitable distribution is generally abuse of discretion, the trial court’s determination is reviewed de novo when the issue on appeal, as here, concerns a pure issue of law.”) (citations omitted).
This issue here is resolved by our decision in Guadine v. Guadine, 474 So.2d 1245 (Fla. 4th DCA 1985). In Guadine, we held that “[a contract cannot] divest the courts of their authority to modify child support, for inherent in a court’s authority is the authority to modify child support— regardless of any agreement between the parties.” Id. at 1245 (internal brackets, quotations, and citations omitted). See also § 61.13(l)(a)2., Fla. Stat. (2012) (“The court initially entering an order requiring one or both parents to make child support payments has continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments .... if there is a substantial change in the circumstances of the parties ....”) (emphasis added).
Thus, regardless of the fact that the MSA described when the former husband’s child support obligation would be modifiable — when a child reached the age of majority or was otherwise no longer eligible for support — the court still had the inherent authority to modify that obligation if the former husband could prove that a substantial change in circumstances occurred.
2. The circuit couH did not abuse its discretion in finding that the fanner ■ husband’s decrease in income was a substantial change of circumstances warranting a reduction of his child support obligation.
“The party moving for a modification of child support has the burden of proving all of the following factors, or rather, three fundamental prerequisites: First, there must be a substantial change in circumstances. Second, the change was not contemplated at the time of final judgment of dissolution. Third, the change is sufficient, material, involuntary, and permanent in nature.” Maher v. Maher, 96 So.3d 1022, 1022 (Fla. 4th DCA 2012) (citations, quotations, and emphasis omitted). Moreover, “[w]hen the original child support amount is based on an agreement by the parties, ... there is a heavier burden on the party seeking a downward modification.” Id. (citations omitted).
Here, the former husband met his burden of proving all three prerequisites, even under the heavier burden required because of the MSA’s existence. First, there was a substantial change in circumstances, that is, a nearly fifty percent reduction in the husband’s income from the time of the MSA to the time of his petition. Second, the change was not contemplated at the time of the final judgment of dissolution, as evidenced by the MSA’s use of the former husband’s average income as the basis for “the reasonableness of the amounts for child support required by this Agreement.” Third, the change was “sufficient, material, involuntary, and permanent in nature.” The former husband’s nearly fifty percent reduction in annual income arose involuntarily from his previous law firm. Moreover, this reduction was material because, again, the MSA used his average income as the basis for “the reasonableness of the amounts for child support required by this Agreement.”
3. The circuit couH did not abuse its discretion in reducing the former husband’s child suppoH obligation retroactively.
“Retroactivity is the rule rather than the exception which guides the trial court’s application of discretion when modification of alimony or child support is granted.” Walters v. Walters, 96 So.3d *1117 972, 976 (Fla. 4th DCA 2012) (citation and quotations omitted).
Despite the general rule, the former wife argues that the former husband’s child support obligation should not be applied retroactively based on the following quote from Livingston v. Livingston, 686 So.2d 664, 665 (Fla. 1st DCA 1996): “While an increase in child support may be made retroactive at the discretion of the lower court, absent extraordinary or compelling circumstances, a reduction in child support may not be made retroactive.” (internal citations omitted).
However, as the former husband correctly notes, our sister court since has explained its statement in Livingston was describing the circumstances for making child support reductions retroactive to the date circumstances changed, as opposed to the date of the petition. See Miles v. Champlin, 805 So.2d 1085, 1086 (Fla. 1st DCA 2002) (“We believe a better reading of the cited authorities limits them to precluding (in the ordinary case) diminution of child support retroactively to a date before any petition for reduction had been filed”). Thus, the circuit court did not abuse its discretion in reducing the former husband’s child support obligation retroactively to the date of his petition for modification.
4. The circuit court did not abuse its discretion in failing to award the unfe’s attorney’s fees and costs pursuant to the MSA and Rosen.
The former wife is not entitled to recover her attorney’s fees and costs pursuant to the MSA because she was not the prevailing party. The MSA provides that, in any action to enforce the MSA’s terms, the prevailing party would be entitled to recover his or her reasonable attorney’s fees and costs.
The former wife also is not entitled to recover her attorney’s fees and costs pursuant to Rosen because she alleged insufficient grounds for such an award. The former wife merely alleged that the former husband’s petition was “frivolous” and therefore she “should be awarded the reasonable attorney’s fees and costs she incurred defending the Former Husband’s inappropriate, untimely and unsupportable action to modify child support under the authority of Rosen ....” We have concluded that the former husband’s action was not frivolous. Further, because the former wife has relied on this argument as her sole basis for an award under Rosen, we shall not sua sponte consider other factors for an award under Rosen. See generally Rosen, 696 So.2d at 699-701.

Conclusion

Based on the foregoing, we affirm the circuit court’s final order granting the former husband’s petition for reduction of his child support obligation. We have considered the wife’s other arguments on appeal, and conclude those arguments lack merit without further discussion.

Affirmed.

CIKLIN, J., concurs.
WARNER, J., dissents with an opinion.