ON MOTION FOR REHEARING

LEVINE, J.
We grant the wife’s motion for rehearing, withdraw our previous opinion, and substitute the following in its place.
The husband appeals an order denying his petition for modification of child support, entered after the trial court granted the wife’s motion to vacate an order granting modification of child support. We find that the trial court properly denied the motion for modification and affirm.
In November 2007, the trial court entered a final judgment of dissolution of marriage. The final judgment incorporated a marital settlement agreement. Pursuant to the agreement, the husband would pay $6,000 per month in child support. In July 2010, the husband petitioned for modification of child support due to a decrease in income. The case proceeded to an evidentiary hearing before a general magistrate.
After a hearing, the magistrate summarized the testimony of the witnesses in its findings of fact. The magistrate found that the husband is a self-employed entrepreneur who owns several companies that sell treated lumber for building docks. According to the magistrate, the husband testified that his income was up in 2007 due to people having damaged docks. The husband and his accountant both testified that his income started to decline in 2007. The wife’s accountant testified that the husband’s business levels in 2007 were “exceptional.” The wife’s accountant also testified that business levels in 2011 were consistent with business levels in 2008.
The magistrate further found:
Clearly the Former Husband is in complete control of how much income he receives and when he receives the income. Notwithstanding the information on the Former Husband’s financial affi *893 davit it is clear that he has access to much greater income than that which is shown. Even according to his accountant his income for 2011 is not accurately known.... The Former Husband has assets totaling approximately $11,000,000.00.
The magistrate concluded that the husband “is able to manipulate his income from year to year” and that “it is not possible from the evidence presented to make a definitive determination as to his income.” Despite these findings, the magistrate recommended reducing the husband’s child support payments to $2,676 per month.
The trial court adopted the magistrate’s recommendations and granted the petition for modification. The wife moved for rehearing.[1] The trial court granted the wife’s motion, vacated its previous order, and entered an order denying the motion for modification. In its order, the trial court reproduced the magistrate’s findings of fact and concluded that “the Magistrate misapplied the facts found by the Magistrate to the law.”
The trial court explained:
The law is settled that a party seeking to modify a judgment of support must allege and prove a substantial change in circumstances which was not contemplated at the time of the Final Judgment and that the change is significant, material, involuntary and permanent. The Magistrate’s findings show that the Husband failed to prove all the necessary elements.
The Magistrate found that the Husband was able to manipulate his income. His financial affidavit, based on the testimony at the hearing is knowingly false. As stated by the Magistrate, it is impossible from the evidence presented to make a definitive determination of his income. The change in his income was voluntary.
The Husband was also unable to show that the down turn in his business was not contemplated or that it was unexpected. The testimony showed that he knew the upswing in the business in 2007 was from the '04, '05, and '06 hurricane seasons. He testified that he knew in 2007 or 2008 the sales started to trickle out. In 2007, 2008 it started to change (i.e. for the bad). When he signed the settlement agreement, he knew and he knew at the time of the Final Judgment on November 1, 2007, that the business would fall off. The change was not unexpected.
Lastly assuming a change, the change was not permanent as the testimony of the CPA was that the business had returned to the 2008 level.
From this order, the husband appeals.
The standard of review governing a trial court’s decision to deny modification of child support is abuse of discretion. Escobar v. Escobar, 76 So.3d 958, 960 (Fla. 4th DCA 2011). A trial court’s decision to accept or reject a magistrate’s conclusions is also reviewed for an abuse of discretion. Perrone v. Frank, 80 So.3d 402, 404 (Fla. 4th DCA 2012). “A magistrate’s findings are subject to being set aside by the trial court when they are clearly erroneous or the magistrate misconceived the legal effect of the evidence.” McNamara v. McNamara, 988 So.2d 1255, 1258 (Fla. 5th DCA 2008). “[I]t is the duty of the court to examine and carefully *894 consider the evidence and determine whether under the law and the facts the court is justified in entering the decree recommended by the Master.” Lyon v. Lyon, 54 So.2d 679, 680 (Fla.1951).
A party moving for modification of child support has the burden of proving the following factors: (1) a substantial change in circumstances; (2) the change was not contemplated at the time of the final judgment of dissolution; and (3) the change is sufficient, material, involuntary, and permanent in nature. Maher v. Maher, 96 So.3d 1022, 1022 (Fla. 4th DCA 2012). “When the original child support amount is based on an agreement by the parties, as here, there is a heavier burden on the party seeking a downward modification.” Id.
The husband argues that competent substantial evidence supports the magistrate’s finding that his income had decreased and that the trial court improperly reweighed the evidence and substituted its opinion for that of the general magistrate. Contrary to the husband’s contention, the trial court did not abuse its discretion in rejecting the magistrate’s conclusion and denying the motion for modification because the husband failed to allege and prove all of the elements necessary for modification. The husband’s petition for modification alleged only a decrease in income. He did not allege, nor did the magistrate find, that the decrease was not contemplated at the time of the final judgment, or that the decrease was involuntary and permanent in nature. Thus, the magistrate’s findings were insufficient to support modification of child support.
The trial court correctly determined the magistrate misconceived the legal effect of the evidence. The magistrate found that the husband “is in complete control of how much income he receives and when he receives the income” and that he has “access to much greater income than that which is shown” on his financial affidavit. The magistrate further found that the husband “is able to manipulate his income from year to year” and that “it is not possible from the evidence presented to make a definitive determination as to his income.” These findings support the trial court’s conclusion that the change in the husband’s income was voluntary.
The magistrate further found that the husband testified that his income was up in 2007 due to people having damaged docks. The wife’s accountant testified that business in 2007 was “exceptional” and that business levels in 2011 were consistent with business levels in 2008. The husband and his accountant both testified that the husband’s income started to decline in 2007. These findings support the trial court’s conclusion that the change in income was not unexpected at the time the settlement agreement and final judgment were entered in 2007.
In his initial brief, the husband also challenges an order denying his motion to disqualify the trial judge, which he filed a week and a half after the court denied his motion for rehearing. As the wife points out, this court lacks jurisdiction to review this order, as it is not mentioned in or attached to the notice of appeal. See Fla. R. App. P. 9.110(d); Greyhound Corp. v. Carswell, 181 So.2d 638, 640 (Fla.1966); Seaboard Air Line R.R. Co. v. Holt, 80 So.2d 354, 357 (Fla.1955). Even if we had jurisdiction, this issue would be without merit because the husband did not file the motion to disqualify until after the proceedings had already ended. Thus, the motion was untimely. See Fla. R. Jud. Admin. 2.330(d)(1), (e); Fischer v. Knuck, 497 So.2d 240, 243 (Fla.1986).
*895 In sum, we affirm the order denying the husband’s petition for modification of child support. We dismiss the appeal to the extent the husband challenges the order denying his motion to disqualify the trial judge.

Affirmed in part and dismissed in part.

DAMOORGIAN, C.J., and TAYLOR, J., concur.

. Although the rules in effect in 2011 provided that a party had ten days to move for rehearing, see Florida Family Law Rule 12.491(f) and Florida Rule of Civil Procedure 1.530(b), the trial court's order granting modification expanded this timeframe to fifteen days.