DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHERI LYNN KELLY,**
Appellant,

v.

**JAMES SNIETKA,**
Appellee.

No. 4D13-4636

[February 11, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas Barkdull, III, Judge; L.T. Case No. 502010DR003465.

Craig A. Boudreau, Wellington, for appellant.

Scott D. Glassman and Sue-Ellen Kenny of Law Office of Scott Glassman, P.A., West Palm Beach, for appellee.

PER CURIAM.

We affirm the final judgment in this paternity and support action. We do not address the merits of the issues raised by appellant, as they either were not preserved by objections in the trial court on the grounds raised on appeal, or they lack merit. As to the father's claim that this court lacks jurisdiction to consider the orders entered prior to the final judgment designated in the notice of appeal, Florida Rule of Appellate Procedure 9.110(h) states, "The court may review any ruling or matter occurring **before** filing of the notice." (Emphasis supplied). Thus, this court has jurisdiction to consider the order vacating the prior final judgment and the motion to disqualify the trial judge, as both were issued before the final judgment which is being appealed. Although the appellee relies on *Kozell v. Kozell*, 142 So. 3d 891 (Fla. 4th DCA 2014), *Kozell* is not controlling. In that case, the motion to disqualify which this court found it lacked jurisdiction to consider was filed *after* the denial of the motion for rehearing of the final judgment sought to be appealed. We have held that a notice of appeal of a final judgment does not bring to the appellate court orders entered after the final judgment unless those orders are also

specifically appealed.  *See Geraci v. Kozloski*, 377 So. 2d 811, 812 (Fla. 4th DCA 1979).

   *Affirmed.*

WARNER, GROSS and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***