DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MELISSA R. BOYD,**
Appellant,

v.

**TIMOTHY M. BOYD,**
Appellee.

Nos. 4D14-198 and 4D14-1876

[July 1, 2015]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Renee Goldenberg, Judge; L.T. Case No. 01-21063 (36).

Robert D. Burgs of Robert D. Burgs, P.A., Plantation, for appellant.

Catherine L. Roselli, Fort Lauderdale, for appellee.

CIKLIN, C.J.

In this post-dissolution case, the former wife appeals the trial court's order adopting a general magistrate's report and recommendation. She raises multiple grounds for reversal, one of which we find has merit. We hold that the court erred in not establishing a child support arrearage amount due and payable by the former husband.

The parties were divorced in 2002. The final judgment provided that the former husband would pay $751.82 a month in child support for the parties' daughter. In 2012, the former wife petitioned for an upward modification of child support based on an alleged increase in the former husband's income.

At trial, the parties offered evidence regarding the former husband's child support payments during the period the child was attending private school. The former wife testified that the former husband offered to pay $500 a month toward the child's private school tuition, which cost approximately $600 a month. The arrearage affidavit she offered into evidence reflected that the former husband made no monthly payments during the period of time the child attended private school. However, at

a deposition, the transcript of which was entered into evidence, the former wife explained that the arrearage affidavit did not include any payments until May 2003 because, until then, the former husband paid the child's school directly so she was not aware as to the specific amount paid. The former husband testified that he could not remember exactly what he paid, but he believed it was "$650, $680, $690, somewhere in that range" each month for the sixteen-month period the child attended private school.

The parties also offered evidence regarding the child support payments made after the child left private school and entered the public education system. The former husband testified he paid $500 a month in child support. The former wife offered a record of payments she created using bank records. That document reflected that the former husband made some monthly payments, but he did not pay every month and he did not always pay $500. The former wife calculated that the former husband owed a total of $55,917.48 as of January 5, 2011.

The general magistrate did not set an arrearage amount and instead made the following findings in her report:

> Here, based upon the credible evidence at the hearing, along with [the former wife's] sworn testimony offered at her deposition taken on December 1, 2011, the child support was not paid through the State Depository and, by agreement of the parties, was paid by [the former husband] directly to Sheridan Christian School for tuition where the Parties' daughter attended school until she began attending public elementary school. The undersigned does not find [the former wife's] testimony that she was unsure whether [the former husband] made consistent payments to the private school to be credible. As such, [the former wife] has failed to show that the child support payments set forth in the affidavit were not paid by [the former husband]; and thus, is not entitled to civil contempt or enforcement on this issue. Likewise, there is no credible evidence that the arrearage amount set forth in the affidavit is owed by [the former husband].

In the former wife's written exceptions to the report, she objected to the magistrate's failure to establish an arrearage amount. After a hearing on the exceptions, the trial court denied the former wife's exceptions and approved the report and recommendations issued by the magistrate.

On appeal, the former wife argues that the trial court erred in not setting an arrearage amount. She claims the parties stipulated to a maximum amount of arrearages and agreed that the former husband could seek credits against that amount for payments he made for the child's school tuition years ago.

"A trial court's decision to accept or reject a magistrate's conclusions is . . . reviewed for an abuse of discretion." *Kozell v. Kozell*, 142 So. 3d 891, 893 (Fla. 4th DCA 2014) (citation omitted). "'A magistrate's findings are subject to being set aside by the trial court when they are clearly erroneous or the magistrate misconceived the legal effect of the evidence.'" *Id.* (quoting *McNamara v. McNamara*, 988 So. 2d 1255, 1258 (Fla. 5th DCA 2008)).

We find that the record does not support the former wife's claim that the parties stipulated to an amount of arrearages. The trial transcript reflects that there were discussions about a stipulation, but the parties did not clearly agree to a specified amount of arrearages that would serve as a starting point against which credits could be applied. Nonetheless, the trial court erred in approving the general magistrate's report and recommendation where it is clear that the parties expected the magistrate to set an arrearage amount (and where there is sufficient evidence available to set the amount)—but yet failed to do so. We remand with two issues in mind.

First, an arrearage amount should have been calculated for the period the child attended private school. We do not disturb the magistrate's credibility determination, adopted by the trial court, with respect to whether the former husband made child support payments while the child attended private school. However, the former husband's own testimony, found credible and relied on by the magistrate, established that he did not pay the full court-ordered monthly amount during that sixteen-month period. Where a party concedes that not all court-ordered child support was paid, the trial court errs in failing to resolve the amount of arrearages. *See Bryer v. Bryer*, 704 So. 2d 616, 617-18 (Fla. 4th DCA 1997).

Second, the magistrate did not make any credibility determination with respect to testimony related to child support payments for the period the child attended public school. This is the time period that comprises the bulk of the arrearage amount. The magistrate essentially found that it was not necessary to set an arrearage amount because the former wife did not establish the amount she claimed in her affidavit was

3

actually and specifically owed. Again, the former husband's testimony established that he did not pay the full court-ordered monthly amount. Thus, it was a stipulated fact that there was an accumulated arrearage but the amount was not addressed by the magistrate or the trial court. The parties provided conflicting evidence on this issue, and the magistrate or the trial court was required to resolve the conflict in evidence and calculate an arrearage amount. Accordingly, the trial court erred when it adopted the report and recommendation and therefore we reverse and remand for the trial court to resolve the issue of arrearages.

*Reversed and remanded with directions.*

FORST and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***