KLINGENSMITH, J.
Michael Stanley a/k/a Michael A. Stanley and Gemerta Stanley a/k/a Gemerta C. Stanley (“appellants”) appeal from the trial court’s final judgment of foreclosure in favor of Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (the “Bank”). The judgment was entered after the trial court rejected the magistrate’s recommendation that the case be dismissed without prejudice. For the reasons set forth below, we affirm on all issues raised in this appeal.
Appellants defaulted on their mortgage and were subsequently sent an acceleration letter by the Bank informing them that they owed a total of $6,609.56, and that they needed to make full payment on or before April 20, 2011 in order to cure. When appellants failed to pay in full before the due date, the Bank accelerated the loan and instituted this foreclosure action.
The trial court referred the case to a magistrate, who thereafter conducted a non-jury trial. After taking testimony and receiving evidence, the magistrate submitted a recommendation containing a single paragraph of purported findings of fact which stated, in its entirety:
The evidence established that the final acceleration/default letter sent to Defendants was provided on March 11, 2011 and required payment in the amount of $6,609.56 on or before April 20, 2011 in order to cure the default. The bank’s evidence established that the Defendants made payments between March 11, 2011 and April 20, 2011 in the amount of $6,791.16. This sum was sufficient to cure the default and no subsequent acceleration/default letters were sent to Defendants.
The recommendation then concluded that the case should be dismissed without prejudice for failure to comply with a condition precedent. The Bank thereafter filed exceptions to the magistrate’s recommendation, arguing that the evidence showed appellants had only paid $5,093.37 by April 20, 2011, which was insufficient to cure the default.
In response to the Bank’s filing, the trial court sent the report and recommendation back to the magistrate, with instructions to define the condition precedent that the Bank had failed to fulfill. The magistrate then issued a clarification order stating that, based on the testimony of the Bank’s witness, it appeared that appellants had cured the default by April 20, 2011. Thus, the finding that the Bank failed to comply with a condition precedent “stem[med] from the fact that [the Bank] never sent a subsequent acceleration letter to the bor *411 rowers after they had ‘caught up’ with the amount demanded.... ” Upon review, the trial court disagreed and rejected the magistrate’s recommendation, ruling that the Bank was entitled to final judgment of foreclosure.
It is the trial court’s duty to examine and carefully consider the evidence and determine whether, under the law and the facts, it is justified in entering a decree recommended by a magistrate. See French v. French, 12 So.3d 278, 279-80 (Fla. 5th DCA 2009) (“Given that the trial court was charged with determining whether the magistrate’s findings of fact were supported by competent evidence, the trial court itself should have discovered the errors in the course of making a careful review of the report and the transcript.”).
“A trial court’s decision to accept or reject a magistrate’s conclusions is .., reviewed for an abuse of discretion. A magistrate’s findings are subject to being set aside by the trial court when they are clearly erroneous or the magistrate misconceived the legal effect of the evidence.” Boyd v. Boyd, 168 So.3d 302, 304 (Fla. 4th DCA 2015) (alteration in original) (citations omitted) (internal quotation marks omitted); see also Glaister v. Glaister, 137 So.3d 513, 517 (Fla. 4th DCA 2014).
Here, the trial court properly set aside the magistrate’s findings because the conclusion reached was clearly erroneous based on the evidence presented, and the magistrate also misconceived the legal effect of that evidence. The unrebutted testimony presented by the Bank’s witness, as well as the payment history entered into evidence, reflect that appellants did not tender the amount necessary to cure the default by the due date; rather, the evidence very clearly proves that appellants only paid a total of $5,093.37 — less than the $6,609.56 specified in the acceleration letter.
The Bank’s witness, a mortgage resolution associate, was specifically asked on cross examination if appellants had tendered the required payments within the time period established by the Bank. She unequivocally answered “no,” and stated that appellants’ counsel was misreading the payment history:
Q. There were — there appears to be four different — pardon me ... yeah. There appears to be four different payments reflected on the account after March 21, 2011 and before April 20, 2011, the dates cited on the default letter in the amount of $1,697.79, is that correct?
A. No.
Q. Okay.
A. Let me double check here.
Q. Sure.
A. How many did you say, four?
Q. Four.
A. There were three.
Q. Can you point out to me the ones that you see?
A. March 25, 2011, April 5, 2011 and then April 13, 2011.
Appellants’ counsel’s mistake was confirmed during re-direct examination:
Q. ' Ms. Hosni, directing your attention to the notice of intent to accelerate, which is Exhibit 4. Did you note that there was a deadline of April 20, 2011 to make the payments set forth there?
A. Yes.
Q. Were the payments made by that date?.
A. They were not.
Q. How do you know that?
A. From the payment history. There were three payments made. There was one payment on March 24, 2011 that was *412 put into suspense first then taken out of suspense and then applied to the loan.
Q. So counsel had mentioned some $6,700 figure that was paid?
A. Yes.
Q. Was that incorrect?
A. That was incorrect.
As the fact-finder, a magistrate may. reject testimony that he or she disbelieves. E.g,, City of Orlando Police Dep’t v. Rose, 974 So.2d 554, 555 (Fla. 5th DCA 2008) (“The finder of fact is not required to believe the testimony of any -witness, even if unrebutted.”). However, there is a significant difference between merely finding a party’s position to be unpersuasive and misapprehending the evidence presented.
The only suggestion that sufficient payments were made came from appellants’ counsel, not from any testimony or other evidence. As the clarification order demonstrates, the magistrate apparently accepted the argument that appellants made sufficient payments to cure the default solely because it had been implied during cross examination of the Bank’s witness. This was improper. Considering the payment history in conjunction with the mortgage resolution associate’s testimony, it is clear that appellants did not pay enough to cure the default by April 20, 2011.
We acknowledge that while a magistrate’s findings of fact and conclusions of law are not binding, they ordinarily “come to the trial court clothed with a presumption of correctness.” De Clements v. De Clements, 662 So.2d 1276, 1282 (Fla. 3d DCA 1995). However, reports and recommendation orders from a magistrate consisting of bare conclusions do not invite such deference, nor are they entitled to any. As such, we agree with the trial court that the magistrate’s recommendation to dismiss the complaint without prejudice was erroneous and misconceived the legal effect of the evidence, and hold that the court was correct to disregard it.
Appellants raise two additional arguments on appeal. First, they claim that the Bank failed to send the acceleration letter to the correct address, because it was not sent to the mortgaged property. However, the record reflects that appellants provided the Bank with an alternative mailing address in their loan application, and never subsequently updated that information. The mortgage clearly states that all notices provided by the Bank would be sent to the mortgaged property unless appellants designated a substitute address, in which case notices would be sent to that location. Moreover, appellant Gemerta Stanley testified during the non-jury trial that neither appellant had ever resided at the mortgaged property in the first place. On the contrary, she admitted that they lived at the address listed in the loan application, to which the Bank sent the acceleration letter by first class mail. As such, this argument utterly lacks merit,
Finally, appellants contend that the complaint should have been dismissed because the acceleration letter failed to precisely track the language found in paragraph 22 of the mortgage. This argument has been raised repeatedly in recent foreclosure eases, and we have rejected it where the language used in the acceleration letter substantially complies with the language in paragraph 22, and the defendant fails to show that any prejudice was caused by the variation. See Ortiz v. PNC Bank, Nat’l Ass’n, 188 So.3d 923, 925-27 (Fla. 4th DCA 2016). Here, the language substantially complied and appellants have failed to demonstrate any prejudice.

Affirmed:

GROSS and FORST, JJ., concur.