IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ARMANDO VIRUET,

      Appellant,

 v.                                                                    Case No.  5D15-4058

SARAH G. GRACE,

      Appellee.

_____/

Opinion filed August 19, 2016

Appeal from the Circuit Court for
Orange County,
Heather Pinder Rodriguez, Judge.

Scott E. Siverson, Orlando, for Appellant.

No Appearance for Appellee.

PER CURIAM

ON MOTION FOR CLARIFICATION

We grant Appellant's motion for clarification in part, deny it in part, and substitute the following opinion in place of the original.

We reverse the portion of the final judgment of dissolution of marriage that ordered former husband, Armando Viruet ("Appellant"), to pay $100 per month toward arrearage in child support because neither the magistrate's report, which the trial court approved, nor the final judgment, states the amount of the retroactive child support Appellant owes.

We remand for the trial court to determine the amount of retroactive child support, if any, that Appellant owes and to enter an appropriate amended final judgment specifying the amount. *Boyd v. Boyd*, 168 So. 3d 302, 304 (Fla. 4th DCA 2015); *see also* § 61.30(17), Fla. Stat. (2015) ("In an initial determination of child support, . . . the court has discretion to award child support retroactive to the date when the parties did not reside together in the same household with the child . . . .").

Appellant also argues that the trial court erred by denying his motions for new trial and for rehearing. In his motions, Appellant argued that he should have been afforded an opportunity to present evidence to establish that, due to the daycare facility used by the parties requiring him to prepay for the entire week, Appellant was paying all of the daycare costs, rather than only his proportional share as ordered in the final judgment. We find that the trial court did not abuse its discretion in denying Appellant's motions, but we do so without prejudice to permit Appellant to bring the matter before the trial court should he choose to assert that Sarah G. Grace, former wife and Appellee, has not paid her court-ordered proportional share of daycare expenses.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

SAWAYA, TORPY and EDWARDS, JJ., concur.