DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NEIL S. MEDALIE,**
Appellant,

v.

**MERRILY G. SPARKS,**
Appellee.

Nos. 4D18-1887 & 4D18-3485

[July 10, 2019]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312012 DR000086.

Kevin M. Rollin of Napier & Rollin, PLLC, Vero Beach, for appellant.

A. Julia Graves of Law Office of A. Julia Graves, P.A., Vero Beach, for appellee.

PER CURIAM.

In this post settlement, post judgment paternity case, Neil S. Medalie ("the father") appeals from two final orders: (1) the order denying his amended supplemental petition for modification of child support; and (2) the amended order awarding attorney's fees, accountant fees, and costs billed to Merrily G. Sparks ("the mother"). We affirm in all respects, except as noted below.

"[T]he standard of review governing a trial court's decision to modify child support is abuse of discretion." *deLabry v. Sales*, 134 So. 3d 1110, 1115 (Fla. 4th DCA 2014) (citing *Escobar v. Escobar*, 76 So. 3d 958, 960 (Fla. 4th DCA 2011)).[1] "Moreover, 'when the original child support amount is based on an agreement by the parties, . . . there is a heavier burden on the party seeking a downward modification.'" *Id.* (citation and alteration

---

[1] We also review the trial court's determination as to the amount of fees and costs for abuse of discretion. *Webber for Keitel v. D'Agostino*, 251 So. 3d 188, 191 (Fla. 4th DCA 2018) (citing *Centex–Rooney Constr. Co., Inc. v. Martin Cty.*, 725 So. 2d 1255, 1258 (Fla. 4th DCA 1999)).

omitted). Having reviewed the parties' briefs and the record, we find no abuse of discretion with respect to either the trial court's denial of the petition for modification of child support or with the award of the mother's attorney's fees, accountant fees, and costs.

However, we must direct the trial court on remand to award the father a $70 credit towards the attorney's fees owed to the mother's former counsel, Margaret Keys McCain. As the mother concedes in her answer brief, the court awarded Ms. McCain 100 percent of her time sought, which inadvertently included 0.2 hours of work billed to the mother for work performed for a different client. Thus, the father is entitled to a $70 credit. As noted above, we otherwise affirm the trial court's orders before us on appeal.

*Affirmed and remanded with directions.*

MAY and FORST, JJ., and SASSER, MEENU, Associate Judge, concur.[2]

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Judge Sasser participated in the consideration and disposition of this case prior to her untimely passing. *See Bowles v. D. Mitchell Investments, Inc.*, 365 So. 2d 1028, 1029 (Fla. 3d DCA 1978).