DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALONZO COLEMAN JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3538

[July 10, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case No. 432009CF000448B.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals a written revocation order and consequent sentence. He argues the order incorrectly contains violations not orally pronounced by the trial court, and the trial court's attempt to fix the error was untimely and therefore void. The State agrees to remand the case to correct the revocation order, but suggests the conviction and sentence should not be disturbed. We agree.

"Where a written order does not conform to the court's oral pronouncement of judgment and sentence, the oral pronouncement prevails." *Ellis v. State*, 816 So. 2d 759, 762 (Fla. 4th DCA 2002). "[A]n oral pronouncement will most certainly prevail where the state concedes that the written sentence was in error." *Tory v. State*, 686 So. 2d 689, 691 (Fla. 4th DCA 1996).

Here, the trial court orally pronounced that the defendant committed five Condition 5 violations (the new law offenses that he was acquitted for) and one Condition 6 violation (associating with the co-defendants).

However, the signed probation revocation order listed not only these six violations, but it also included a Condition 2 violation (failing to pay the cost of supervision) and a Condition 10 violation (failing to pay court costs), neither of which were orally pronounced because the State agreed not to proceed on those violations.

The defendant filed a Rule 3.800(b)(2) motion to correct sentence and the State conceded the error. The trial court granted the motion and ordered the Department of Corrections to file a corrected order, but the order was entered more than 60 days after the filing of the Rule 3.800(b)(2) motion. It is therefore a nullity.

"A 3.800(b)(2) motion is deemed denied, and the trial court's jurisdiction ends, once 60 days elapse without rendition of an order ruling on the motion, and any order rendered more than 60 days after a rule 3.800(b)(2) motion is filed is a nullity." *Sessions v. State*, 907 So. 2d 572, 573 (Fla. 1st DCA 2005).

We therefore affirm and remand the case for the court to correct the scrivener's error.

*Affirmed, but remanded for correction of a scrivener's error.*

FORST, J., and SASSER, MEENU, Associate Judge, concur.[1]

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Judge Sasser participated in the consideration and disposition of this case prior to her untimely passing. *See Bowles v. D. Mitchell Investments, Inc.*, 365 So. 2d 1028, 1029 (Fla. 3d DCA 1978).