# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-1586, 3D21-1848 & 3D21-1849
Lower Tribunal No. 21-2773

_____

**Maurice Symonette,**
Appellant,

vs.

**JPMorgan Chase Bank, N.A.,**
Appellee.


Appeals from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Maurice Symonette, in proper person.

Gray│Robinson, P.A., and Kristie L. Hatcher-Bolin (Lakeland), Roland E. Schwartz and Sophie M. Labarge (Fort Lauderdale), for appellee.


Before LOGUE, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 48.23(1)(d), Fla. Stat. (providing that, subject to

exceptions inapplicable herein, recording of notice of lis pendens "constitutes a bar to the enforcement against the property described in the notice of all interests . . . unrecorded at the time of recording the notice unless the holder of any such unrecorded interest . . . moves to intervene in such proceedings within 30 days after the recording of the notice and the court ultimately grants the motion"); Provident Funding Assocs., L.P. v. MDTR, 257 So. 3d 1114, 1117 (Fla. 2d DCA 2018) ("The doctrine of res judicata provides that a judgment on the merits in an earlier suit bars a later suit on the same cause of action between the same parties or others in privity with those parties."); Pearce v. Sandler, 219 So. 3d 961, 967 (Fla. 3d DCA 2017) ("[T]he doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case."); Mortg. Elec. Registration Sys., Inc. v. Badra, 991 So. 2d 1037, 1039 (Fla. 4th DCA 2008) ("Collateral estoppel precludes re-litigating an issue where the same issue has been fully litigated by the same parties or their privies, and a final decision has been rendered by a court."); Kelly v. Snietka, 155 So. 3d 1278, 1278 (Fla. 4th DCA 2015) (explaining that court has jurisdiction to review order on motion to disqualify trial judge on appeal from final judgment if motion was filed prior to final judgment citing Fla. R. App. P. 9.110(h)); Fla. R. Gen. Prac. & Jud. Admin.

2

2.330(c)(3) (requiring that motion to disqualify "be sworn to or affirmed by the party by signing the motion or by attaching a separate affidavit").